THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-cv-00488-BO

| | | |
|---|---|---|
| PHILIP BULLS, DEAN BRINK, CARMIN NOWLIN, NICHOLAS PADAO, AND RAPHAEL RILEY, *on behalf of themselves and others similarly situated*, | ) ) ) ) ) | |
| Plaintiffs | ) ) | **REPORT OF THE PARTIES' PLANNING MEETING** Fed. R. Civ. P. 26(f) |
| v. | ) ) | |
| USAA FEDERAL SAVINGS BANK, and USAA SAVINGS BANK, | ) ) ) | |
| Defendants | ) | |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on June 9, 2022 by telephone:

    Knoll Lowney, representing the Plaintiffs

    Claire Tonry, representing the Plaintiffs

    Marc Zemel, representing the Plaintiffs

    Alyssa Koepfgen, representing the Plaintiffs

    Matthew Ballew, representing the Plaintiffs

    Robert Zaytoun, representing the Plaintiffs

    Daniel T. Plunkett, representing the Defendants

    Megan S. Ben'Ary, representing the Defendants

    F. Hill Allen, representing the Defendants

    Andrew M. Albritton, representing the Defendants

2.  **Initial Disclosures**.  The parties will complete the initial disclosures required by Rule 26(a)(1) by June 23, 2022.

3.  **Discovery Plan**. The parties propose this discovery plan:

    (a)  **Issues.** Discovery will be needed on these subjects: Discovery is anticipated regarding all issues and matters raised by the pleadings, either now existing or as amended. By agreeing to these issues, the parties in no way waive their right to assert any objections to certain discovery or discovery requests that are otherwise available under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, pertinent caselaw, or other authority.

    (b)  **Commencement and Completion.** The parties propose that discovery commence after completion of the parties' 26(f) conference. The parties propose discovery will be completed within eighteen (18) months from the date of this conference **[by December 9, 2023]**.  All discovery must be served in time to be completed by this deadline.

    Plaintiffs do not propose any bifurcation of discovery and oppose Defendants' suggestion for bifurcation because delaying discovery on class wide issues would delay the Court's resolution of class certification and is therefore inconsistent with the Federal Rules.

    Defendants propose: The first six (6) months of discovery will be limited to claims and damages specifically related to the five named plaintiffs in order to promote efficiency of discovery. The remaining discovery period will include discovery related to all potential class members.

    (c)  **Interrogatories.** Given the complexity of this matter, the parties propose

increasing the number of interrogatories allowed by Federal Rule 33 from twenty-five (25) to fifty (50). Where an interrogatory is directed to all Plaintiffs and the response necessitates different answers for each Plaintiff or where Defendants must answer an interrogatory differently for each Plaintiff, such interrogatory will not be considered to contain sub-parts constituting separate interrogatories. Responses to interrogatories will be due within thirty (30) days after service, with an additional thirty (30) day informal extension of time to be granted by the serving party upon request.

(d) **Requests for admission.** The parties do not propose any deviation from the Federal Rules.

(e) **Depositions.** The parties will have the right to depose each and every opposing party; each and every fact witness disclosed by the parties which they may use to support or defend their claims or defenses either on summary judgment or at trial; each and every disclosed expert; and an additional ten (10) depositions to be used for, *inter alia*, witnesses, third parties, and others with knowledge of facts not as of yet discovered. Additional depositions may be taken for good cause by stipulation or by court order.

(f) **Length of Depositions.** Absent mutual agreement between the parties or an order of the Court, each deposition shall not exceed seven (7) hours in duration (time actually on the record) in accordance with the Federal Rules of Civil Procedure. Where it is anticipated that a particular deposition will exceed seven (7) hours, as may be the case for depositions pursuant to Rule 30(b)(6), the parties will make every reasonable effort to reach an agreement as to the maximum

duration of the deposition. For any witnesses who may also serve as a Rule 30(b)(6) witness, the parties will make every reasonable effort to reach an agreement as to the maximum duration of the deposition to avoid having the witness being deposed twice.

Plaintiffs propose that they may take one Rule 30(b)(6) deposition of the Defendants prior to moving for class certification, and if a class is certified, Plaintiffs may take a second Rule 30(b)(6) deposition of Defendants. Defendants do not agree to Plaintiffs' proposal to take two Rule 30(b)(6) depositions of the Defendants.

(g) **Disclosures of Retained Experts and Expert Reports.** Reports from the parties' retained experts under Rule 26(a) are due fifteen (15) months from the date of this conference [**by September 9, 2023**]. The parties may designate a rebuttal expert within forty-five (45) days of designation of an expert by the opposing party [**by October 24, 2023**]. If an expert is offered in support of or in opposition to a motion for class certification, the parties may depose such expert at that time. If such expert later offers a full expert report, the parties may depose such expert a second time.

(h) **Supplementation under Rule 26(e).** The parties do not propose any deviation from the Federal Rule.

(i) **Electronically Stored Information.** The parties agree to negotiate in good faith in order to develop a protocol for the handling of ESI.

(j) **Protective Order.** The Court entered the parties' stipulated protective order on April 21, 2022 (ECF No. 20).

4. **Other Items:**

   (a) **Scheduling conference.** The parties do not request to meet with the court before a scheduling order is issued.

   (b) **Pretrial conferences.** The parties request a pre-trial conference two (2) weeks prior to the scheduled date of trial.

   (c) **Amendments to the Pleadings by Plaintiffs.** The parties agree that any amendments to the pleadings, including joining additional parties, will be made within five (5) months after the commencement of discovery **[by November 10, 2022].** Thereafter, the parties will be permitted to request leave to amend the pleadings, including joining additional parties, as warranted by fact discovery in this matter and in light of the Court's consideration of whether granting leave to amend would delay trial.

   (d) **Amendments to the Pleadings by Defendants.** See paragraph 4.c, *supra*.

   (e) **Dispositive Motion Deadline.** Unless altered by the Court, dispositive motions are due no later than 30 days from the close of all discovery [**by January 9, 2024].**

   (f) **Possibility of Settlement.** At the present time, the parties are at substantial odds regarding whether their respective rights were violated in any manner and, consequently, whether the parties, or any one of them, are entitled to any recovery whatsoever.

   (g) **Early Mediation.** The parties are discussing whether early mediation may enhance the possibility of settlement.

   (h) **Pre-Trial Disclosures.** The parties agree that pre-trial disclosures

pursuant to Rule 26(a)(3), including witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists, will be made no later than thirty (30) days before trial.

(i) **Objections to Pre-Trial Disclosures.** The parties further agree that objections to such pre-trial disclosures will be made no later than fourteen (14) days after the disclosures objected to are made.

(j) **Trial date and length.** The parties expect to be prepared for trial by June 2024. Trial in this matter is expected to take approximately two (2) weeks. A jury trial has been demanded.

(k) **Electronic service.** The parties agree that all service between the parties shall be carried out electronically.

Stipulated and agreed this 23rd day of June, 2022.

| | |
|---|---|
| */s/ Matthew D. Ballew* | */s/ F. Hill Allen* |
| **ZAYTOUN BALLEW & TAYLOR, PLLC** | **THARRINGTON SMITH, L.L.P.** |
| | |
| By: | By: |
| Matthew D. Ballew, NCSB # 39515 | F. Hill Allen |
| Robert E. Zaytoun, NCSB# 6942 | N.C. State Bar No. 18884 |
| John R. Taylor, NCSB# 43248 | P.O. Box 1151 |
| 3130 Fairhill Drive, Suite 100 | 150 Fayetteville Street, Suite 1800 |
| Raleigh, NC 27612 | Raleigh, N.C. 27602-1151 |
| Telephone: (919) 832-6690 | (919) 821-4711 |
| Facsimile: (919) 831-4793 | (919) 829-1583 |
| MBallew@zaytounlaw.com | E-mail: hallen@tharringtonsmith.com |
| RZaytoun@zaytounlaw.com | *Local Civil Rule 83.1 Counsel* |
| JTaylor@zaytounlaw.com | |
| *Local Rule 83.1 Counsel* | **McGLINCHEY STAFFORD, PLLC** |
| | |
| **SMITH & LOWNEY, PLLC** | By: |
| | Daniel T. Plunkett |
| By: | LA Bar No. 21822 |
| Knoll D. Lowney, WSBA# 23457 | 601 Poydras St., Suite 1200 |
| Claire Tonry, WSBA# 44497 | New Orleans, LA 70130 |

| | |
|---|---|
| 2317 E. John Street<br>Seattle, Washington 98112<br>Telephone: (206) 860-2883<br>Facsimile: (206) 860-4187<br>Knoll@smithandlowney.com<br>Claire@smithandlowney.com<br><br>*Attorneys for Plaintiffs and the Proposed Class* | (504) 596-2778<br>(504) 910-9542 (fax)<br>Email: dplunkett@mcglinchey.com<br><br>Megan S. Ben'Ary<br>Virginia Bar No. 47439<br>1275 Pennsylvania Ave., NW, Suite 420<br>Washington, DC 20004<br>(202) 802-9949<br>(202) 217-2215 (fax)<br>Email: mbenary@mcglinchey.com<br><br>Andrew M. Albritton<br>LA Bar No. 39780<br>601 Poydras St., Suite 1200<br>New Orleans, LA 70130<br>(504) 596-0317<br>(504) 910-7970 (fax)<br>Email: aalbritton@mcglinchey.com<br><br>Special Appearance Counsel<br>*Attorneys for Defendants* |