IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:21-cv-00488-BO

| | |
|---|---|
| PHILIP BULLS, DEAN BRINK, CARMIN NOWLIN, NICHOLAS PADAO, and RAPHAEL RILEY, *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK, and USAA SAVINGS BANK,<br><br>Defendants. | **PLAINTIFFS' MOTION TO COMPEL** |

NOW COME Plaintiffs Philip Bulls, Dean Brink, Carmin Nowlin, Nicholas Padao, and Raphael Riley ("Plaintiffs"), by and through counsel, and, pursuant to Fed. R. Civ. P. 37 and LR 7.1(d), hereby submit this Motion to Compel. In support of the Motion, Plaintiffs state as follows:

1. On June 27, 2022, Plaintiff Philip Bulls served his first set of interrogatories and his first set of requests for production on USAA Federal Savings Bank and USAA Savings Bank (collectively "USAA").

2. USAA responded to Plaintiff's first set of interrogatories and first set of requests for production on August 26, 2022.

3. To date, USAA has identified 260,860 potentially responsive documents. Of these, USAA asserts that 57,792 have indicia of containing non-public OCC information. USAA intends to withhold any documents it determines do in fact contain non-public OCC information.

1

**Interrogatories 4 and 14 and Requests for Production 14 and 15 — Discrete Lists of Class-Wide Information**

4. Pursuant to Fed. R. Civ. P. 26(b)(1) the parties are entitled to "discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

5. Plaintiffs' Interrogatory 4 states:

Identify each and every Military Customer on whom you assessed or from whom you collected an Overcharge between January 1, 2012, and the present, and state the total amount of Overcharges to each account of such customers.

6. Plaintiffs' Interrogatory 14 states:

Identify any Overcharges to Military Customers that you have not yet repaid to Military Customers, including, for example, Military Customers who paid Overcharges but were not reimbursed or who received a reimbursement check but did not cash it. Your answer should include, but is not limited to, the reason any identified Overcharge has not been reimbursed or paid back to Military Customers.

7. Plaintiffs' Request for Production 14 states:

Produce the document(s) used to populate the customer-specific fields in the correspondence and checks you sent to customers concerning refund checks, payments, or remediation on or after December 1, 2020, including but not limited to correspondence created with templates 137443-1220; 137832-0221; 138175-0521; 138177-0521; 138463-0521; 138487-0621; 138488-0621; 138574-0621; 138749-0821; 139016-1021; 139012-1121; 139134-1121; and 139164-1121.

8. Plaintiffs' Request for Production 15 states:

Produce documents sufficient to identify each and every Military Customer for whom you reported taxable income to the IRS in whole or part because of a payment made on or after December 1, 2020, associated with a Military Remediation Program, the amount of income reported, and how that amount was calculated.

9. USAA's responses are attached to the Declaration of Claire Tonry filed herewith.

10. USAA's responses to Plaintiffs' Interrogatories 4 and 14 are deficient. Plaintiffs respectfully request that the Court overrule USAA's objections and any claims of privilege and compel USAA to serve supplemental interrogatory responses to Interrogatories 4 and 14 without said objections or claims of privilege within ten (10) business days, and that these responses be in the form of spreadsheets identifying the information requested.

11. In response to Requests for Production 14 and 15, USAA objects and does not indicate that it will produce responsive documents. Plaintiffs request that the Court overrule USAA's objections and any claims of privilege and compel USAA to produce documents responsive to these requests without said objections or claims of privilege. Specifically, USAA should produce spreadsheets containing the requested information within ten (10) business days and provide any other responsive documents within twenty (20) business days.

**Interrogatories One, Two, and Three — USAA's Audits**

12. Plaintiffs' Interrogatory 1 states:

Describe all audits of your Military Banking Benefits compliance, conducted between January 1, 2012, and the present, and state the findings of any such audits. Your response should include, but is not limited to, the date of any such audits, the entity which conducted the audits, the time period covered by such audits, any identified weaknesses in compliance, any identified noncompliance or Overcharges, and the cause of any such noncompliance or Overcharges.

13. Plaintiffs' Interrogatory 2 states:

Identify each violation of 50 U.S.C. § 3937 by Defendant between January 1, 2012, and the present. Your answer should include, but is not limited to, the nature of any such violations, the cause of any such violations, and the time period over which the violations took place.

14. Plaintiffs' Interrogatory 3 states:

Identify each violation of the MLA by Defendant between January 1, 2012, and the present. Your answer should include, but is not limited to, the nature of any such violations, the cause of any such violations, and the time period over which the violations took place.

15. USAA's responses are attached to the Declaration of Claire Tonry filed herewith.

16. USAA's responses to Interrogatories One, Two, and Three are deficient. Plaintiffs respectfully request that the Court overrule USAA's objections and any claims of privilege and compel USAA to serve supplemental interrogatory responses to Interrogatories One, Two, and Three without said objections or claims of privilege within ten (10) business days.

**Documents Withheld Based Upon Potential OCC Concerns**

17. USAA's intention to withhold tens of thousands of documents in their entirety on the basis that they may contain non-public OCC information or material subject to the bank examination privilege ("BEP") is improper.

18. Pursuant to the Protective Order already in place in this matter (DE 20), Plaintiffs request that the Court compel USAA to produce any responsive documents which contain non-public OCC information.

19. In addition to compelling the production of non-public OCC information, the Plaintiffs respectfully request that the Court override the bank examination privilege and compel USAA to produce any documents being withheld on that basis, as it did in the similar matter of *Childress v. JP Morgan Chase Bank, N.A. et al. ("Chase")*, No. 5:16-cv-298-BO, DE 313 (E.D.N.C.) (Attach. A to Plaintiffs' Memorandum). That is appropriate here, under the applicable legal standards, for the reasons stated at length in Plaintiffs' supporting memorandum and in Plaintiffs' Response to USAA's Motion for Return of Inadvertently Produced Document, filed concurrently herewith. First, the information is highly relevant. USAA cannot protect virtually every fact that it knows about its overcharges of servicemembers under the BEP. As was the case in *Chase*, many (if not most) facts relevant to this case were unearthed while USAA was under OCC supervision. Second, this information is not available elsewhere. Third, this

litigation is serious, as it is a class action on behalf of tens of thousands of servicemembers against a military banking institution for violating statutes designed to protect servicemembers by overcharging them while they were on active duty. Finally, neither the role of the government nor impact on future government conduct are relevant factors arguing against disclosure.

Plaintiffs are simultaneously filing a memorandum in support of this Motion which contains additional background information and arguments in support of this Motion.

WHEREFORE, Plaintiffs respectfully request that the Court compel USAA to provide the information and documents as requested above.

This the 27th day of October 2022.

**SMITH & LOWNEY, PLLC**

By: */s/ Claire Tonry*
Claire E. Tonry, WSBA# 44497
Alyssa L. Koepfgen, WSBA #46773
2317 E. John Street
Seattle, Washington 98112
Telephone: (206) 860-2883
Facsimile: (206) 860-4187
claire@smithandlowney.com
alyssa@smithandlowney.com

**ZAYTOUN BALLEW & TAYLOR, PLLC**

Matthew D. Ballew, NCSB # 39515
Robert E. Zaytoun, NCSB# 6942
3130 Fairhill Drive, Suite 100
Raleigh, NC 27612
Telephone: (919) 832-6690
Facsimile: (919) 831-4793
MBallew@zaytounlaw.com
RZaytoun@zaytounlaw.com
*Local Rule 83.1 Counsel*

5

Case 5:21-cv-00488-BO    Document 47    Filed 10/27/22    Page 5 of 6

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing **Plaintiffs' Motion to Compel** has been electronically filed with the Clerk of Courts using the CM/ECF system.

This the 27th day of October 2022.

                                                    By:    */s/ Claire E. Tonry*
                                                              Claire E. Tonry, WSBA# 44497
                                                              2317 E. John Street
                                                              Seattle, Washington 98112
                                                              Telephone: (206) 860-2883
                                                              Facsimile: (206) 860-4187
                                                              Claire@smithandlowney.com