IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-CV-488-BO

PHILIP BULLS, DEAN BRINK, CARMIN NOWLIN, NICHOLAS PADAO, and RAPHAEL RILEY *on behalf of themselves and others similarly situated*,

Plaintiffs,

vs.

USAA FEDERAL SAVINGS BANK, and USAA SAVINGS BANK,

Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL**

Defendants USAA Federal Savings Bank and USAA Savings Bank (collectively, "Defendants") file this memorandum in support of their Motion to File Documents Under Seal.

## I. INTRODUCTION

Defendants seek an order placing under seal the *unredacted* versions of Record Documents 46, 48, and 49-7. These record documents were provisionally filed under seal by Plaintiffs' counsel. As discussed below, Defendants consulted with Plaintiffs' counsel regarding this motion, and they indicated that Plaintiffs do not oppose it in part, and Defendants seek to further narrow the issues with proposed redactions to the subject documents.

## II. BACKGROUND

On October 27, 2022, Plaintiffs provisionally filed under seal various filings, to include an unredacted copy of Plaintiffs' Response to Defendants' Motion for Return of Inadvertently Produced Non-Public OCC Information (Doc. 46), Plaintiffs' Memorandum in Support of Motion to Compel (Doc. 48), and a Declaration of Claire Tonry with supporting exhibits (Doc. 49). These unredacted filings and supporting exhibits contain confidential or proprietary

1

information that fall under the definition of "Confidential" information pursuant to the Stipulated Protective Order (the "Protective Order") (Doc. 20) and thus should be shielded from public view. The public has been provided notice of the request to seal, and interested parties were allowed a reasonable opportunity to object. (Doc. 50.) Plaintiffs publicly filed their proposed sealed record documents on the docket. (Docs. 46, 48, and 49.) In accordance with Local Civil Rule 79.2, the Protective Oder, and the relevant standard for sealing material submitted in connection with non-dispositive motions, Defendants now move this Court to seal the foregoing unredacted filings and supporting exhibits.

### III. ARGUMENT

#### A. Applicable Law

In considering a motion to seal, a court must determine the nature of the information that the public has the right to access. *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988); *Hall v. United Air Lines Inc.*, 296 F. Supp. 2d 652, 679 (E.D.N.C. 2003). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. The Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180 (internal citation omitted). The First Amendment right of public access applies only when sealed documents are submitted in connection with a dispositive motion; but only the common-law right of public access applies to material submitted in connection with non-dispositive filings. *See In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (4th Cir. Sept. 13, 1995) (table); *Stone*, 855 F.2d 178; *Va. Dep't of State Police*, 386 F.3d at 575.

2

Under the less onerous standard, the common-law right of access to court documents may be overcome when "countervailing interests heavily outweigh the public interest in access." *Va. Dep't of State Police*, 386 F.3d at 575. One such countervailing interest is a party's rights to privacy and to protect confidential business information. Indeed, "the need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents." *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, 2016 WL 493908, at *1 (E.D.N.C. Sept. 14, 2016); *see also Morris v. Cumberland Cnty. Hosp. Sys., Inc.*, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) (observing that "the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances")). Multiple courts have held that commercial information is a sufficiently compelling justification for sealing judicial documents. *See Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial, or financial data" that was produced under a protective order); *Rosinbaum v. Flowers Foods, Inc.*, 2017 WL 1424436, at *1 (E.D.N.C. Jan. 23, 2017) (sealing documents that "contain confidential business, commercial, and strategic internal information of Defendant . . . and its affiliated bakeries").

      **B.**    **Plaintiffs' Unredacted Versions of Record Documents 46, 48, and 49-7 Should Be Placed Under Seal**

Plaintiffs provisionally filed under seal an unredacted copy of Plaintiffs' Response to Defendants' Motion for Return of Inadvertently Produced Non-Public OCC Information (Doc. 46), Plaintiffs' Memorandum in Support of Motion to Compel (Doc. 48), and a Declaration of Claire Tonry with supporting exhibits (Doc. 49). These unredacted filings and supporting exhibits contain confidential or proprietary information that Defendants designated as

3

confidential pursuant to the Protective Order. However, to provide the Court with full and complete briefing on the issues presented, the confidential and proprietary material must be addressed in detail. As a consequence, there is no alternative except for sealing Plaintiffs' unredacted filings and supporting exhibits.

Because Plaintiffs have not submitted these record documents in connection with a dispositive motion, the First Amendment right of public access does not apply. *See In re Plicy Mgmt. Sys. Corp.*, 67 F.3d 296. As such, these documents are subject to a common law right of access by the public. *Stone*, 855 F.2d at 178. The common-law right of access to court documents may be overcome when "countervailing interests heavily outweigh the public interest in access." *Va. Dep't of State Police*, 386 F.3d at 575.

The material Defendants seek to seal—namely, the unredacted versions of Plaintiffs' provisionally sealed filings at Record Documents 46, 48, and 49-7—contains sensitive confidential supervisory information that belongs to a federal banking regulator, as well as confidential business information. Consequently, Defendants' request to seal this information is appropriate. Additionally, Defendants' request to seal this information is narrowly tailored to serve Defendants' interests in keeping this highly sensitive information private.

First, Defendants seek to seal all confidential supervisory information belonging to Defendants' prudential regulator which Defendants are obligated to protect and keep confidential. On October 13, 2022, Defendants filed a motion that sought an order compelling Plaintiffs to return and destroy all copies of a certain document constituting non-public OCC information that was inadvertently produced to Plaintiffs' counsel. (Doc. 44.) Non-public OCC information is "information that the OCC is not required to release under the [Freedom of Information Act] or that the OCC has not yet published or made available" to the public. 12

4

C.F.R. § 4.32. Further, non-public OCC information belongs to the Office of the Comptroller of the Currency ("OCC") and cannot be produced without prior OCC approval or a suitable federal court order, *see* 12 C.F.R. §§ 4.36(d) and 4.37(b)(1), which Defendants contend are both absent here. Defendants have asked Plaintiffs to return and destroy the confidential document as required by law and the Protective Order. The OCC has requested Plaintiffs to do the same. However, Plaintiffs have refused to comply.

The unredacted version of Plaintiffs' Response to Defendants' Motion for Return of Inadvertently Produced Non-Public OCC Information (Doc. 46) quotes, summarizes, or references this inadvertently produced confidential document that belongs to the OCC, and this information should remain under seal.

Second, Defendants also seek to seal the unredacted versions of Plaintiffs' Memorandum in Support of Motion to Compel (Doc. 48) and certain attachments accompanying the Declaration of Claire Tonry (Doc. 49), which include Defendants' Responses to Plaintiff Philip Bulls' First Set of Interrogatories (at Doc. 49-7). These unredacted filings contain or reference sensitive business and proprietary information that Defendants have designated as confidential under the Protective Order. While there is a well-established common law right to inspect and copy judicial records and documents, countervailing interests outweigh any public right of access to Defendants' confidential business information. *See Rosinbaum*, 2017 WL 1424436, at *1. Thus, such sensitive business information should remain under seal.

### C. Portions of Plaintiffs' Unredacted Versions of Record Documents 46, 48, and 49-7 Can Be Made Available to the Public in Redacted Form

While portions of all of Plaintiffs' provisionally sealed filings can be made available to the public in redacted form, Plaintiffs did not make any redactions or concurrently file suitable public versions of these submissions with redactions to conceal all quotes, summaries, or

references to the inadvertently produced confidential OCC document, or proprietary business information that Defendants have designated as confidential. As a result, Defendants have made proposed redactions for Plaintiffs' review. These redactions were made in good faith and for the express and narrow purposes described herein: to protect the parties' interests and keep confidential supervisory information and confidential business information private.

Defendants have shared these proposed redactions with Plaintiffs for their consideration in an effort to have them refile suitable public versions of these filings with redactions. As of the date of this motion, Plaintiffs agree with Defendants' proposed redactions to Record Document 46. However, Plaintiffs' counsel has represented that they do not agree with Defendants' proposed redactions concerning Record Documents 48 and 49-7. Defendants intend to meet and confer with Plaintiffs' counsel regarding the bases for these redactions. Defendants therefore request that they be given the opportunity to do so in order to enable this Court to consider less drastic alternatives. *See In re Knight Publ'g Co.*, 743 F.2d 231, 234–35 (4th Cir. 1984).

## IV. CONCLUSION

For all of these reasons, Defendants respectfully request that the Court enter an order sealing Record Documents 46, 48 and 49-7.

Dated: November 7, 2022          Respectfully submitted,

/s/F. Hill Allen
**THARRINGTON SMITH, L.L.P.**
F. Hill Allen (NC Bar #18884)
P.O. Box 1151
150 Fayetteville Street, Suite 1800
Raleigh, NC 27602-1151
Tel: (919) 821-4711
Fax: (919) 829-1583
hallen@tharringtonsmith.com
Local Civil Rule 83.1 Counsel

and

                /s/Megan S. Ben'Ary
**MCGLINCHEY STAFFORD PLLC**
Daniel T. Plunkett
Andrew M. Albritton
601 Poydras Street, Suite 1200
New Orleans, LA 70130
Tel: (504) 596-2778
Fax: (504) 910-9542
dplunkett@mcglinchey.com
aalbritton@mcglinchey.com
La. Bar #21822
La. Bar #39780

Megan S. Ben'Ary
1275 Pennsylvania Avenue NW, Suite 420
Washington, DC 20004
Tel: (202) 802-9949
Fax: (202) 217-2215
mbenary@mcglinchey.com
Va. Bar #47439

Special Appearance Counsel
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served on this 7th day of November, 2022 through the court's CM/ECF system, which will send notification of this filing to all counsel of record.

                */s/ Andrew M. Albritton*
                Andrew M. Albritton
                McGlinchey Stafford PLLC
                La. Bar #39780
                Special Appearance Counsel

                *Attorneys for Defendants*