IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-488-BO

| | | |
|---|---|---|
| PHILIP BULLS, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | O R D E R |
| | ) | |
| USAA FEDERAL SAVINGS BANK and | ) | |
| USAA SAVINGS BANK, | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiffs' motion to compel and defendants' motion for return of inadvertently produced non-public information. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing was held before the undersigned on January 20, 2023, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling. For the reasons that follow, plaintiffs' motion to compel is granted and defendants' motion for return is also granted.

## BACKGROUND

Plaintiffs filed this putative class action alleging claims against defendants for violations of the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. §§ 3901, *et seq.*; the Military Lending Act (MLA), 10 U.S.C. § 987; and the Truth in Lending Act (TLA), 15 U.S.C. § 1637(b). [DE 1]. Plaintiffs also allege state law claims for, *inter alia*, breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence. *Id.*

Plaintiffs allege that defendants have breached their statutory and contractual duties to military members by charging interest rates and fees greater than what is permitted, which in turn improperly inflated servicemembers' principal balances on which compound interest was charged. Plaintiffs allege that defendants have committed "wholesale violations of the SCRA and other military benefits which caused damages to thousands of military families." *Id.* ¶ 4.

Defendants have answered the complaint and the case is proceeding through discovery. On October 13, 2022, defendants moved for the return of information inadvertently produced to plaintiffs. Defendants contend that a certain document containing non-public, Office of the Comptroller of the Currency (OCC) information was inadvertently turned over to plaintiffs as a part of early mediation discussions. Defendants contend that plaintiffs have refused to return or destroy their copy of this document, necessitating the motion.

In their motion, plaintiffs seek to compel the following from defendants: responses to plaintiffs' Interrogatories 4 and 14 and Requests for Production 14 and 15, which concern discrete lists of class-wide information; responses to plaintiffs' Interrogatories 1, 2, and 3, which concern defendants' audits; and documents withheld by defendants based upon potential Office of the OCC concerns. At the hearing, the scope of some of these requests was narrowed based upon disclosures made following the filing of the motion. However, plaintiffs request that the Court grant their motion in full to prevent additional motions practice as to any remaining disclosures.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The discovery "rules are to be given a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Court has substantial discretion to manage discovery, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995), and the "party resisting discovery bears the burden of showing why it should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010).

I.   Motion to compel.

Rule 37(a)(3)(B) permits a party to move to compel another party to answer interrogatories and produce requested documents.

A. Interrogatories 4 and 14 and Requests for Production 14 and 15.

This material concerns spreadsheets of class-wide data. At the hearing, plaintiffs' counsel indicated that defendants had withdrawn objections to production of this material to some extent. To the extent an objection has not been withdraw, the Court has considered the arguments presented and defendants' objections are overruled. They are ordered to serve supplemental responses to Interrogatories 4 and 15 and to produce spreadsheets containing information requested in Requests for Production 14 and 15. Such disclosures and production shall be completed within fourteen (14) days of the date of entry of this order.

B. Interrogatories 1, 2, and 3.

Plaintiffs have demonstrated that defendants should be required to supplement these interrogatory responses regarding audits for those reasons outlined in their supporting memoranda. [DE 48, 59]. The Court overrules defendants' objections, and defendants shall provide supplementary responses to these interrogatories within fourteen (14) days of the date of entry of this order.

C. Non-public OCC information.

Plaintiffs seek from defendants approximately 18,500 documents which defendants contend may contain non-public OCC information or material subject to the bank examination privilege.

The OCC's *Touhy* regulations address the disclosure by a bank of non-public OCC information in the absence of OCC approval. *See* 12 C.F.R. § 4.37. However, "[Federal Rule of

3

Civil Procedure] 34, as enforced through Rule 37, clearly authorizes the district court to order [a bank] to turn over those documents in its possession while the [agency's] regulations specifically prohibit such a disclosure." *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995). "[T]he bank examination privilege is a qualified rather than absolute privilege which accords agency opinions and recommendations and banks' responses thereto protection from disclosure." *Id.* at 471. Its purpose is to promote candid communications between banks and their examiner so that banks may be effectively supervised. *Id.* The bank examination privilege (BEP) extends to agency opinions and recommendations. *In re Subpoena Served Upon Comptroller of Currency, & Sec'y of Bd. of Governors of Fed. Reserve Sys.*, 967 F.2d 630, 634 (D.C. Cir. 1992). Purely factual matter is not covered by the privilege and must be produced in litigation if it is relevant. *In re Bankers Tr. Co.*, 61 F.3d at 471. "Courts have consistently held that bank examination reports are entirely or partially factual." *In re Wilmington Tr. Sec. Litig.*, No. CV 10-990-SLR-SRF, 2016 WL 9753979, at *6 (D. Del. Aug. 16, 2016).

In a factually very similar case, this Court has previously held that the BEP should be overridden. *Childress v. JP Morgan Chase Bank*, No. 5:16-CV-298-BO [DE 313] (E.D.N.C. Jan. 16, 2020). The Court further held that the OCC's *Touhy* regulations do not override the Federal Rules of Civil Procedure. *Id.* As to the timing of plaintiffs' motion in this case, as is described in plaintiffs' reply brief, the OCC has been apprised of plaintiffs' positions and has elected not to seek leave to intervene in this case. Thus, the Court has been presented with no grounds for deviating from its holding in the *JP Morgan Chase Bank* case, and it applies those holdings here.

Accordingly, defendants shall timely produce documents withheld based on actual or potential non-public OCC or BEP content. Documents shall be produced without redactions

except where required on other grounds, such as attorney-client privilege. Productions shall remain subject to this Court's protective order.

II. Motion for return of inadvertently disclosed information.

At the outset, defendants' motion for leave to file a reply in support of this motion [DE 55] is granted, and the Court has considered defendants' arguments made in reply. [DE 55-1]. It is undisputed that the document at issue was inadvertently provided to plaintiffs and is subject to the protective order in this case. [DE 20] Protective order ¶¶ 19, 20. Plaintiffs assert that they have complied with the protective order by retaining a single copy of this document, as they disagree that the document is privileged or protected.

The document at issue is a supervisory letter from the OCC. As discussed above, to the extent this document is subject to the BEP, the Court has overridden the BEP in this case for these purposes. Defendants further contend, however, that this document was produced solely for purposes of mediation or dispute resolution. Section 23 of this Court's protective order provides that "[n]o party shall make any use of such information or documents for any purpose other than for the mediation or other alternative dispute resolution for which the information or documents were provided, unless otherwise agreed by the producing party." *Id.* ¶ 23. Defendants do not appear at this time to agree to the use of this inadvertently produced document for any use other than mediation or alternative dispute resolution.

The terms of this Court's protective order control. Because it was inadvertently produced and produced only for purposes of dispute resolution, plaintiffs shall return their remaining copy of the subject document to defendants. Importantly, though, whether this particular document is discoverable on other grounds or as responsive to any of the above-listed discovery requests has not been briefed in detail, and the Court therefore does not decide that issue at this time.

III.     Motion to seal.

Defendants seek to seal certain documents filed in connection with the above-discussed motions, specifically [DE 46, 48, 49], and to file redacted versions of the same. Plaintiffs have agreed to defendants' proposed redactions for [DE 46]. Defendants seek to meet and confer with plaintiffs regarding redactions to [DE 48] and [DE 49].

Defendants have satisfied the appropriate standard for filing documents under seal, as outlined in their brief, and have proposed an alternative less drastic than maintaining an entire document under seal. Defendants' motion [DE 52] is therefore granted. The agreed-upon redacted version of [DE 46] shall be filed within ten (10) days of the date of entry of this order. The parties shall meet and confer regarding redactions for the remaining documents and file such redactions within fourteen (14) days of the date of entry of this order.

## CONCLUSION

Therefore, in accordance with the foregoing, plaintiffs' motion to compel [DE 47] is GRANTED; defendants' motion for return of inadvertently produced document [DE 44] is GRANTED; defendants' motion to seal [DE 52] is GRANTED; and defendants' motion for leave to file a reply [DE 55] is GRANTED.

SO ORDERED, this _14_ day of February 2023.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE