# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into this 2nd day of August, 2024, by and among (1) Plaintiffs (as defined below), individually and on behalf of the Class Members (as defined below) and (2) USAA Federal Savings Bank and USAA Savings Bank (collectively, "USAA Bank"), subject to Court approval as required by Rule 23 of the Federal Rules of Civil Procedure. As provided herein, Plaintiffs, Class Counsel (as defined below), and USAA Bank hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the United States District Court for the Eastern District of North Carolina of a Final Approval Order, all claims of the Class Members against USAA Bank in the action titled *Bulls v. USAA Federal Savings Bank, et al.,* Case No. 5:21-cv-00488-BO (E.D.N.C.) (the "Action"), shall be settled and compromised upon the terms and conditions contained herein.

## I.     Recitals

WHEREAS, on November 24, 2021, Philip Bulls, Dean Brink, Carmin Nowlin, and Nicholas Padao filed a class action complaint in the United States District Court for the Eastern District of North Carolina (the "Court"), alleging that USAA Bank violated the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3937; the Military Lending Act ("MLA"), 10 U.S.C. § 987; the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598.0903-.0999; and the Florida Uniformed Servicemembers Protection Act, Fla. Stat. § 250.82; and committed common law breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, negligent misrepresentation, and breach of fiduciary duty or special trust, by failing to properly reduce the interest rate on their credit card and other accounts as required by the SCRA and USAA Bank policy, for which they sought an accounting, imposition of a constructive trust, and other remedies including a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Nevada Uniform Declaratory Judgment Act.

WHEREAS, on May 27, 2022, Class Representatives Philip Bulls, Dean Brink, Carmin Nowlin, and Nicholas Padao, and Raphael Riley (together, "Plaintiffs") filed an amended class action complaint, which designated an additional named plaintiff as a Class Representative and added allegations including a violation of the CARD Act, 15 U.S.C. § 1666i-1;

WHEREAS, USAA Bank denies each and all of the claims and allegations of wrongdoing made by the Plaintiffs; denies that it has violated any law or other duty; denies that it has engaged in any wrongdoing or any other act or omission that would give rise to liability or cause Plaintiffs injuries, damages, or entitlement to any relief; has asserted affirmative defenses to Plaintiffs' claims as set forth in its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, Dkt. No. 29; has contested and would continue to contest certification of a non-settlement Rule 23(b)(3) damages class and/or a Rule 23(b)(1) or Rule 23(b)(2) declaratory and injunctive relief class, Dkt. No. 95, and any SCRA, MLA, and/or CARD Act Class,

Dkt. Nos. 114, 118, 120; and states that it is entering into this Agreement to avoid the further uncertainties, expense, inconvenience, delay, and distraction of burdensome and protracted litigation, and thereby to put to rest this controversy with respect to the Plaintiffs and the Class and avoid the risks inherent in complex litigation;

WHEREAS, Plaintiffs and USAA Bank agree that the fact of this Agreement, any of the terms in this Agreement, any documents filed in support of this Agreement, or any statement made in the negotiation thereof shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law, (ii) any liability or wrongdoing by Defendants, (iii) liability on any of the claims or allegations, or (iv) the propriety of certifying a litigation class in any proceeding, and shall not be used by any person for any purpose whatsoever in the Action or any other legal proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of this Agreement;

WHEREAS, Plaintiffs and USAA Bank engaged the services of former United States Magistrate Judge Elizabeth Laporte as a mediator to assist in their negotiations, which included an in-person mediation session with Judge Laporte in California in August 2023; and Plaintiffs and USAA Bank later engaged the services of former United States District Court Judge Layn Phillips as a mediator to assist in their negotiations, which included an in-person mediation session with Judge Phillips in California in January 2024, and again via video-conference in July 2024, before agreeing to the terms of this arm's-length Agreement, which embodies all of the terms and conditions of the Settlement (as defined below) between the Settling Parties, and which has been reached (subject to the approval of the Court) as provided below and which is intended to supersede any and all prior agreements between the Settling Parties; and

WHEREAS, Plaintiffs and Class Counsel (as defined below) have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Plaintiffs' Amended Complaint, Dkt. No. 26, the legal and factual defenses thereto and the applicable law, that it is in the best interests of the Plaintiffs and the Class to enter into this Agreement to avoid the uncertainties of litigation and to assure that the benefits set forth below are obtained for the Plaintiffs and the Class, and, further, that Class Counsel consider the Settlement set forth in this Agreement to be fair, reasonable, and adequate and in the best interests of the Plaintiffs and the Class.

WHEREAS, the Parties now agree to settle the Action in its entirety pursuant to the terms set forth in this Agreement, without any admission of liability, with respect to all Released Claims (as defined below) of the Class Members, and intend this Agreement to bind the Parties and all Class Members;

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree

that the Action shall be fully and finally compromised, settled, released, and dismissed with prejudice, subject to the terms and conditions of this Agreement and subject to Final Approval by the Court, as follows.

## II.     Definitions

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement:

1.      "Administrative Costs" means all fees paid to the Administrator for its services administering the Settlement and all out-of-pocket costs and third-party expenses of the Administrator that are associated with providing notice of the Settlement to the Class Members, administering and distributing the Settlement Amount to Class Members, or otherwise administering or carrying out the terms of the Settlement, including but not limited to postage and telecommunications costs and including but not limited to the costs of the Notice Program.

2.      "Administrator" means Epiq Class Action and Claims Solutions ("Epiq"). Class Counsel and USAA Bank may, by agreement, substitute a different organization as Administrator, subject to approval by the Court if the Court has previously given Preliminary Approval. In the absence of agreement, either Class Counsel or USAA Bank may move the Court to substitute a different organization as Administrator, upon a showing that the responsibilities of Administrator have not been adequately executed by the incumbent.

3.      "Agreement" means this Settlement Agreement and Release.

4.      "Class Counsel" means Smith and Lowney, PLLC and Hagens Berman Sobol Shapiro LLP.

5.      "Counsel for Defendant" or "Counsel for USAA Bank" means McGlinchey Stafford PLLC.

6.      "Class" means: All USAA Bank customers who (1) received and deposited a remediation check as a result of the SCRA Remediation or the MLA Remediation, or (2) were identified to receive remediation based upon the SCRA Remediation, the MLA Remediation, the EVP Remediation, or the DP Remediation, but did not successfully cash or deposit such remediation payment.  Excluded from the Class are all persons who have executed a release of the rights claimed in this action.  Also excluded from the Class are USAA Bank; USAA Bank's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which USAA Bank has or had a controlling interest.  Also excluded from the Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of his or her

immediate family.

7. "Class Member" means a person, including Plaintiffs, who falls within the definition of the Class and has not timely and validly elected to be excluded from the Class pursuant to the procedures set forth below.

8. "Class Member Award" means an award to a Class Member of funds from the Net Settlement Amount.

9. "Class Notices" means collectively the notices of proposed class action settlement (Exhibits attached hereto) that the Parties will ask the Court to approve for transmission to the Class Members, which consists of (1) the Short Form Notice, which will be transmitted by email and first-class mail; and (2) the Long-Form Notice, which will be posted on the Settlement Website.

10. "Class Opt-Out" means any person included in the Class who opts out of the Class by the Opt-Out Deadline consistent with the terms of this Agreement.

11. "Class Period" means the time periods referenced in the SCRA, MLA, EVP and DP Remediations.

12. "Complaint" means the Amended Class Action Complaint filed in the Action on May 27, 2022.

13. "Court" means the United States District Court for the Eastern District of North Carolina.

14. "Day" or "Days" has the meaning ascribed to it in Federal Rule of Civil Procedure 6, and all time periods specified in this Agreement shall be computed in a manner consistent with Fed. R. Civ. P. 6. All references to days shall be interpreted to mean calendar days, unless otherwise noted.

15. "Direct Deposit Payments" means deposits by USAA Bank of Class Member Awards directly into the accounts of Class Members who hold active direct deposit accounts with USAA Bank in their name only, as further described in the Distribution Plan. The Administrator shall transfer the amount of the Direct Deposit Payments back to USAA with sufficient time for USAA to make such Direct Deposit Payments as required herein.

16. "Defendant" means USAA Federal Savings Bank and USAA Savings Bank.

17. "Distribution Plan" is the plan for distributing Class Member Awards, attached hereto as Exhibit A.

18. "DP Remediation" refers to the Debt Protection Remediation which covered the period of May 4, 2009 through July 31, 2021.

19. "Effective Date" means the date seven (7) calendar days after all of the

4

following events have occurred:

a. All Plaintiffs, Class Counsel, USAA Bank, and Counsel for USAA Bank have executed this Agreement;

b. The Court has entered without material change the Final Approval Order; and

c. The time for seeking rehearing or appellate or other review of the Final Approval Order has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or petition for certiorari could be taken has finally expired and relief from a failure to file same is not available.

Notwithstanding the foregoing, the Effective Date shall not be earlier than thirty-five (35) calendar days after Final Approval.

20. "EVP Remediation" refers to the Extended Vehicle Protection Remediation which covered the period of July 12, 2010 through June 30, 2021.

21. "Execution Date" means the latest date associated with a signature on a fully executed Agreement set forth on the signature page below.

22. "Fee & Expense Award" means the amount of an award to which Class Counsel shall be entitled to apply to the Court for attorneys' fees incurred in investigating and litigating this Action, as well as for costs and expenses incurred in the Action, in an amount not to exceed twenty-seven and one-half percent (27.5%) of the Settlement Amount.

23. "Final Approval" means the entry by the Court of the Final Approval Order.

24. "Final Approval Hearing" means a hearing set by the Court for the purpose of determining the fairness, adequacy, and reasonableness of the Settlement and associated procedures and requirements.

25. "Final Approval Order" means the order, in a form substantially the same as in the attached Exhibit C which the Court enters finally approving this Settlement. In the event that the Court issues separate orders addressing the matters constituting final settlement approval, then Final Approval Order includes all such orders.

26. "Long-Form Notice" means the form of Class Notice to be posted on the Settlement Website that shall be substantially in the form attached hereto as Exhibit E.

27. "Military Interest Rate Benefits" means the reduction of interest rates or other

benefits applicable to a loan or credit card account as provided under the SCRA, state law and/or USAA Bank's proprietary military benefits program for those USAA Bank Members who submitted a request for such interest rate reduction due to active duty military service beginning after the origination of loan account or the opening date of a credit card account.

28. "MLA Remediation" refers to the Military Lending Act Remediation which covered the period of October 3, 2016 through October 1, 2018.

29. "National Change of Address Database" means the change of address database maintained by the United States Postal Service.

30. "Net Settlement Amount" means the Settlement Amount, less the Service Awards, the Fee & Expense Award, and the Administrative Costs.

31. "Notice Deadline" means the date by which the Administrator must complete the Notice Program, which shall be the date thirty (30) calendar days after Preliminary Approval.

32. "Notice Program" means the methods provided for in this Agreement for transmitting the Class Notices.

33. "Objection Deadline" means the date by which a Class Member must serve written objections to the Settlement, if any. The Objection Deadline shall be forty-five (45) calendar days after the Notice Deadline, or on such other date as the Court may order. The Objection Deadline will be specified in the Class Notices.

34. "Opt-Out Deadline" means the date by which a request to opt out must be filed or submitted in writing to the Administrator for a person who would otherwise fall within the Class to be excluded from the Class. The Opt-Out Deadline shall be forty-five (45) calendar days after the Notice Deadline, or on such other date as the Court may order. The Opt-Out Deadline will be specified in the Class Notices.

35. "Parties" means Plaintiffs and USAA Bank, collectively.

36. "Party" means Plaintiffs or USAA Bank, individually.

37. "Plaintiffs" means Class Representatives Philip Bulls, Dean Brink, Carmin Nowlin, Nicholas Padao, and Raphael Riley, collectively.

38. "Preliminary Approval" means the entry by the Court of the Preliminary Approval Order.

39. "Preliminary Approval Hearing" means any hearing held on the Preliminary Approval Motion.

40. "Preliminary Approval Motion" means the motion seeking Preliminary Approval.

41. "Preliminary Approval Order" means the Order preliminarily approving the Settlement and Notice Program. The proposed Preliminary Approval Order that will be attached to the Preliminary Approval Motion shall be in a form agreed upon by Class Counsel and Counsel for USAA Bank, and shall be substantially in the form as that attached hereto as Exhibit B The Preliminary Approval Motion shall request that the Court: (1) approve the Notice Program as set forth herein, and authorize Class Notices on the basis that the terms of the Settlement are within the range of fair, adequate, and reasonable; (2) approve the procedures set forth in Sections 78 through 83 hereof for Class Members to object to the Settlement; and (3) schedule the Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and USAA Bank, but no earlier than one hundred and three (103) calendar days after Preliminary Approval.

42. "Releases" means all of the releases contained in Sections 103 through 105 hereof.

43. "Released Claims" means all claims to be released as specified in Sections 103 through 105 hereof.

44. "Released Parties" means those persons and entities released as specified in Sections 103 through 105 hereof.

45. "Remediation Payment Checks" means payments made to Class Members from the SCRA Remediation, MLA Remediation, EVP Remediation, and DP Remediations that were not successfully deposited.

46. "SCRA Remediation" refers to the payments made by USAA Bank to USAA Bank Members as a result of the Servicemember Civil Relief Act lookback review for the period of March 31, 2013 through March 13, 2019.

47. "Service Awards" means the amount awarded, if any, to the Plaintiffs upon application as described in Section 94 of this Agreement.

48. "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement.

49. "Settlement Amount" means the gross amount to be paid by USAA Bank under the terms of Section 56.

50. "Settlement Fund Account" means an interest-bearing account held by an FDIC- or NCUA-insured financial institution. Class Counsel and USAA Bank shall agree on the FDIC- or NCUA-insured financial institution at which the account shall be established. USAA Bank shall deposit or coordinate with the Settlement

Administrator to ensure the deposit of the Settlement Amount.

51.　"Settlement Website" means www.USAABankclassaction.com.

52.　"Short Form Notice" means the form of Class Notice to be mailed or emailed to the Class Members that shall be substantially in the form attached hereto as Exhibit E.

53.　"Step One Payments" are those payments identified as Step One Payments under the Distribution Plan, which shall be distributed to Class Members within seven (7) days of the Effective Date.

54.　"Step Two Payments" are those payments identified as Step Two Payments under the Distribution Plan.

55.　"Step Three Payments" are those payments identified as Step Three Payments under the Distribution Plan.

## III.　Settlement Consideration

56.　The Settlement Amount shall equal Sixty Four Million, Two Hundred and Two Thousand, Eight Hundred and Thirty Three Dollars and Fifty Nine Cents ($64,202,833.59), *minus* the amount of any Remediation Payment Checks (1) that USAA Bank has reissued or will reissue upon request of any member of the Class between June 18, 2024 and the Court's entry of the Preliminary Approval Order, and (2) that escheated between June 18, 2024 and July 2, 2024. The Settlement Amount encompasses all compensation to the Class Members, inclusive of the Fee & Expense Award and any other attorneys' fees and costs; the Service Awards; and all Administrative Costs.

57.　USAA Bank shall issue Direct Deposit Payments upon the schedule set forth in the Distribution Plan.

## IV.　Preliminary Approval

58.　Upon the Execution Date, Class Counsel shall promptly submit for the Court's consideration the Preliminary Approval Motion seeking entry of a Preliminary Approval Order.

59.　In the event that the Court does not enter the Preliminary Approval Order in substantially the same form as Exhibit B, the Parties shall have the right to terminate this Agreement and the Settlement, per Part XIV below.

60.　The Preliminary Approval Motion shall request that the Court approve the Class Notices attached as Exhibits D and E. The Court will ultimately determine and approve the content and form of the Class Notices to be distributed to Class Members.

61. The Preliminary Approval Motion shall request that the Court enter the following schedule governing the Settlement:

    a. Deadline for establishing Settlement Website: thirty (30) calendar days after Preliminary Approval;

    b. Notice Deadline: thirty (30) calendar days after Preliminary Approval;

    c. Deadline for filing motions for Fee & Expense Award and Service Awards: twenty- one (21) calendar days after Notice Deadline;

    d. Objection Deadline, and Opt-Out Deadline: forty-five (45) calendar days after Notice Deadline;

    e. Deadline for Administrator to file report of number of Class Opt-Outs and Notice Declaration with the Court: fourteen (14) calendar days prior to Final Approval Hearing;

    f. Deadline for USAA Bank to exercise right to terminate Settlement if the number of Class Opt-Outs exceeds 5% of the number of all persons included in the Class: seven (7) calendar days after USAA Bank's receipt of the Administrator's opt-out report;

    g. Deadline for the Parties to respond to any objections to the Agreement: seven (7) days prior to the Final Approval Hearing;

    h. Deadline for Class Counsel to file motion for Final Approval: seven (7) calendar days prior to Final Approval Hearing; and

    i. Final Approval Hearing: one hundred and three (103) calendar days after Preliminary Approval, or at the soonest time and date thereafter mutually convenient for the Court, Class Counsel, and USAA Bank.

**V.   Administrator**

62. The Administrator shall administer various aspects of the Settlement as described in the next paragraphs and perform other functions specified for the Administrator elsewhere in this Agreement, including, but not limited to, providing Class Notice to Class Members as described in Part VI; establishing and maintaining the Settlement Website; making distributions from the Settlement Fund Account, including Class Member Awards, as provided herein; and paying the remainder of any Settlement Fund Account to USAA Bank in the event of a termination of the Settlement pursuant to Part XIV hereof.

63. The duties of the Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

a. Send timely the notices required by the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715, *i.e.* no more than ten (10) calendar days after Plaintiffs file the motion seeking a Preliminary Approval Order;

b. Conduct the Notice Program;

c. Establish and maintain the Settlement Website as a means for Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long-Form Notice, the Preliminary Approval Order, and such other documents as Class Counsel and USAA Bank agree to post or that the Court orders posted on the Settlement Website; and provide other functionality as described in the Distribution Plan;

d. Establish and maintain an automated toll-free telephone line for Class Members to call with Settlement-related inquiries, and answer the questions of Class Members who call with or otherwise communicate such inquiries;

e. Respond to any mailed inquiries from Class Members;

f. Process all Class Opt-Out requests;

g. Provide reports on request and, no later than three (3) calendar days after the Opt-Out Deadline and Objection Deadline, a final report to Class Counsel and Counsel for USAA Bank that summarizes the number of requests to opt out and objections received during that period, the total number of opt-out requests and objections received to date, and other pertinent information;

h. Pay any taxes pursuant to Section 90;

i. At Class Counsel's and/or Counsel for USAA Bank's request in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that identifies the number of persons who timely and properly requested to opt out of the Class;

j. Process and transmit Class Member Awards other than the Direct Deposit Payments, and any other agreed-upon distributions to Class Members, from the Settlement Fund Account;

k. Pay invoices, expenses, and costs upon approval by Class Counsel and Counsel for USAA Bank, as provided in this Agreement; and

l. Perform any settlement administration-related function at the instruction of Class Counsel and Counsel for USAA Bank, including, but not limited to, verifying that the Net Settlement Amount has been distributed as required by Sections 100 and 101 hereof.

64.     Within seven (7) calendar days of the filing of the Preliminary Approval Motion, the Administrator shall provide the Parties an estimate of the costs to: implement the Notice Program, establish the Settlement Website, establish toll-free telephone and cell phone numbers, calculate Step One Payments under the Distribution Plan, and any other up-front expenses.

65.     The documents specified in Section 67(c) shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be www.USAABankclassaction.com. The Settlement Website shall not include any advertising, and it shall not bear or include the USAA Bank logo or any USAA Bank trademarks. The Settlement Website shall remain operational until at least ninety (90) calendar days after the Effective Date. Ownership of the Settlement Website URL shall be transferred to USAA Bank within ten (10) calendar days of the date on which operation of the Settlement Website ceases.

## VI.     Notice to Class Members

66.     Within seven (7) calendar days of the Plaintiffs' filing of the Preliminary Approval Motion, USAA Bank will provide the Administrator with the following information for each Class Member, which is provided solely for the purpose of providing the Class Notices to Class Members and allowing them to recover under this Settlement and shall be kept strictly confidential between the Administrator and the Parties:

      a.   Name;

      b.   Unique class member ID;

      c.   Last known e-mail address (if available);

      d.   Last known phone number (if available); and

      e.   Last known mailing address.

      In addition, USAA Bank will work with the Administrator to provide any information needed to carry out the Distribution Plan, including the last four digits of the account numbers associated with the SCRA Remediation and the MLA Remediation, the amount of any Class Member's Remediation Payment Checks, and the check cashing status of such payments.

67.     By the Notice Deadline (thirty (30) calendar days after Preliminary Approval) or by the time specified by the Court, the Administrator shall send the Class Notices through the Notice Program described below, or in such other form as is approved by the Court.

      a.   The Administrator shall email the Short Form Notice attached hereto as Exhibit D to all Class Members for whom USAA Bank has provided the

Administrator with a valid email address.

b. The Administrator shall mail the Short Form Notice, attached hereto as Exhibit D, to all Class Members for whom USAA Bank has not provided a valid email address and to all Class Members to whom the Administrator sent Exhibit D via email but for whom the Administrator receives notice of an undeliverable email. Exhibit D shall be mailed after the Administrator cross-references and updates mailing addresses provided by USAA Bank with the National Change of Address Database, and other commercially reasonable means, to obtain any updated address information for Class Members.

c. The Administrator shall maintain on the Settlement Website the Complaint, the Long-Form Notice attached hereto as Exhibit E, any motions or orders relating to Preliminary Approval or Final Approval, including Class Counsel's application for a Fee & Expense Award. The Administrator shall send the Long-Form Notice by mail or email to any Class Member who requests a copy.

68. Class Notices provided under the Notice Program shall not bear or include any USAA Bank logo or trademarks or USAA Bank's return address, or otherwise be styled to appear to originate from USAA Bank.

69. Class Notices provided under the Notice Program shall include a unique Class Member identification number.

70. Within seven (7) calendar days of the date the Administrator completes the Notice Program, the Administrator shall provide Class Counsel and Counsel for USAA Bank an affidavit confirming the completion of the CAFA Notice (per Section 133) and the Notice Program. Class Counsel shall file that affidavit with the Court as an exhibit to, or in conjunction with, the motion for a Final Approval Order.

71. All costs of the Notice Program shall be deducted from the Settlement Amount.

72. Further specific details of the Notice Program shall be subject to the agreement of Class Counsel and USAA Bank.

## VII. Opt-Outs

73. As set forth below, persons included in the Class shall have the right to opt out of the Class and this Settlement.

74. A person included in the Class who wishes to opt out of the Class and this Settlement must submit to the Administrator, using a form available at the Settlement Website listed in the Class Notices, a written, signed, and dated statement that he or she is opting out of the Class and understands that he or she

will not receive a Class Member Award from the Settlement of the Action. To be effective, this opt-out statement must (1) be postmarked no later than the Opt-Out Deadline; (2) include the individual's full name, address, telephone number, and their Unique Class Member ID or the last four digits of his or her USAA Bank account number(s); (3) state that the individual wants to be excluded from the Settlement in *Bulls v. USAA Federal Savings Bank, et al.,* Case No. 5:21-cv-00488-BO (E.D.N.C.), and that the individual understands that he or she will receive no money from the Settlement; and (4) be personally signed and dated by the individual.

75.     Within seven (7) calendar days of receiving any opt-out statement, the Administrator shall provide counsel for the Parties with a copy of the opt-out statement.

76.     Class Opt-Outs are not entitled to receive a Class Member Award under this Settlement.

77.     Neither the Parties nor any person acting on their behalf shall seek to solicit or otherwise encourage anyone to opt out of the Settlement.

## VIII.  Objections

78.     Any Class Member may object to any aspect of the Settlement. Objections must be electronically filed with the Court, or mailed to the Clerk of the Court, with copy to Class Counsel and Counsel for USAA Bank.  For an objection to be considered by the Court, the objection must be electronically filed no later than the Objection Deadline or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Class Notice.

79.     The proposed Preliminary Approval Order shall provide that, for an objection to be considered, the objection must also set forth:

   a.   The name of the Action (*Bulls v. USAA Federal Savings Bank, et al.,* Case No. 5:21-cv-00488-BO (E.D.N.C.));

   b.   The objector's full name, address, and phone number;

   c.   An explanation of the basis upon which the objector claims to be a Class Member;

   d.   All grounds for the objection, accompanied by any legal support for the objection;

   e.   The identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

13

f. Whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing, who must contemporaneously enter a written Notice of Appearance of Counsel with the Clerk of the Court;

g. A list of all other class action settlements to which the objector or their counsel have filed an objection;

h. A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

i. The objector's signature (an attorney's signature is not sufficient).

80. All evidence and legal support a Class Member wishes to use to support an objection must be filed with the Court on or before the Objection Deadline and sent to the Parties postmarked on or before the Objection Deadline.

81. The Parties may file responses to any objections that are submitted and shall have the right to take discovery, including via subpoenas *duces tecum* and depositions, from any objector.

82. Any Class Member who timely files and serves an objection in accordance with this section may appear at the Final Approval Hearing, either in person or through an attorney, if the Class Member files a notice with the Court by the Objection Deadline indicating that he or she wishes to appear at the Final Approval Hearing. A Class Member who wishes to appear at the Final Approval Hearing must also send to the Administrator, by the Objection Deadline, a copy of the notice indicating that he or she wishes to appear. Failure to adhere to the requirements of this section will bar a Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

83. Neither the Parties nor any person acting on their behalf shall seek to solicit or otherwise encourage anyone to object to the Settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement.

## IX. Final Approval and Judgment

84. The Preliminary Approval Motion will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur.

85. Plaintiffs and Class Counsel shall submit for the Court's consideration, seven (7) calendar days before the Final Approval Hearing or by such other deadline as the Court may order, a proposed Final Approval Order, in a form substantially the same as in the attached Exhibit C. The motion for Final Approval of this Settlement, the form of which will also be subject to review and consent by

14

USAA Bank, shall include a request that the Court enter the Final Approval Order and, if the Court grants Final Approval of the Settlement and incorporates the Agreement into the final judgment, that the Court dismiss this Action with prejudice, subject to the Court's continuing jurisdiction to enforce the Agreement.

86. In the event that the Court does not enter the Final Approval Order in a form substantially the same as in the attached Exhibit C, as determined by the Parties, the Parties have the right to terminate this Agreement and the Settlement, per Part XIV below. While materiality remains subject to the Parties' determination in their reasonable discretion, material changes shall not include any changes to the legal reasoning or format used by the Court to justify the substantive relief sought by the Final Approval Order. In the event that the Effective Date does not occur, the Final Approval Order is vacated or reversed, or the Settlement does not become final and binding, the Parties agree to request that the Court shall vacate any dismissal with prejudice.

87. The Parties agree that if this Agreement becomes null and void, USAA Bank shall not be prejudiced in any way from opposing continued class certification or seeking to decertify the settlement class in the Action; and Plaintiffs and the Class Members shall not use anything in this Agreement, in any terms sheet, or in the Preliminary Approval Order or Final Approval Order as evidence of any wrongdoing by USAA Bank. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each Party reserves the right to prosecute or defend this Action in the event that this Agreement does not become final and binding.

88. The Parties agree and acknowledge that prior to Preliminary Approval, USAA Bank will continue to reissue Remediation Payment Checks upon request of any member of the Class. Upon Preliminary Approval, USAA Bank will cease to reissue Remediation Payment Checks upon request of any Class Member.

## X.    Settlement Fund Account

89. In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases as set forth in Part XIII hereof and the dismissal of the Action upon Final Approval, within ten (10) business days of the Court's entry of the Preliminary Approval Order, USAA Bank shall transfer to the Administrator the Settlement Amount for deposit into the Settlement Fund Account.

90. The monies in the Settlement Fund Account at all times shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that

may be imposed upon Class Counsel, USAA Bank, or Counsel for USAA Bank with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund Account. Plaintiffs and Class Counsel, and USAA Bank and its counsel, shall have no liability or responsibility for any Taxes. The Settlement Fund Account shall indemnify and hold Plaintiffs and Class Counsel, and USAA Bank and its counsel, harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

91. The Settlement Fund Account shall be used for the following purposes:

    a. Distribution of Class Member Awards, as provided herein;

    b. Payment of the Fee & Expense Award pursuant to Section 96 hereof;

    c. Payment of the Court-ordered Service Awards to Plaintiffs pursuant to Section 94 hereof;

    d. Payment of any Administrative Costs, including but not limited to costs related to the Notice Program;

    e. Payment of any Taxes pursuant to Section 90 hereof, including, without limitation, taxes owed as a result of interest earned on the Settlement Fund Account, in a timely manner, subject to approval by Class Counsel and Counsel for USAA Bank; and

    f. Payment of additional fees, costs, and expenses not specifically enumerated in subsections (a) through (e) of this Section, consistent with the purposes of this Agreement, subject to approval of Class Counsel and Counsel for USAA Bank.

92. All interest on the funds in the Settlement Fund Account shall accrue to the benefit of the Class Members. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Administrator. The Administrator is responsible for the payment of all taxes on interest on the funds in the Settlement Fund Account.

93. The Administrator shall prepare, send, file, and furnish all tax information reporting forms required for payments made from the Settlement Fund Account as required by the Internal Revenue Service pursuant to the Internal Revenue Code and related Treasury Regulations. The Parties agree to cooperate with the Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

## XI. Service Awards and Fee & Expense Award

94. Plaintiffs, through their undersigned counsel, shall each be entitled to apply to the Court for an award from the Settlement Amount up to $20,000.00 each, for their participation in the Action and their service to the Class (the "Service Awards"). USAA Bank shall not oppose such application by Plaintiffs that does not exceed $20,000.00.

95. Any Service Award approved by the Court in an amount less than the amount sought by a Plaintiff is not a basis for setting aside this Agreement, and the decision by the Court concerning the Service Awards shall not affect the validity of the Agreement or finality of the Settlement.

96. Class Counsel shall be entitled to apply to the Court for a Fee & Expense Award for attorneys' fees incurred in investigating and litigating this Action, as well as for costs and expenses incurred in the Action, in an amount not to exceed twenty-seven and one-half percent (27.5%) of the Settlement Amount. Class Counsel's Fee & Expense award application may request: (a) an award of reasonable attorneys' fees; (b) reasonable expenses; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund Account (until paid) as may be awarded by the Court. When filed, the application will be posted on www.USAABankclassaction.com. USAA Bank agrees not to oppose or appeal any such applications that do not collectively exceed twenty-seven and one-half percent (27.5%) of the Settlement Amount. The Fee & Expense Award approved by the Court shall constitute full satisfaction of any obligation on USAA Bank's part to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any other expense incurred on behalf of Plaintiffs or the Class. USAA will not object to a request that attorneys' fees be paid following preliminary approval of the settlement, if such a request is made, provided that Class Members are given appropriate opportunity to review fee applications. Within 14 business days after any order by the Court awarding attorneys' fees, expenses, or class representative incentive awards, the escrow agent for the Settlement Fund shall pay any approved attorneys' fees, expenses, costs, and class representative service award up to the amounts specified in Paragraph 94 and 95 above by wire transfer to Smith & Lowney, PLLC, provided that Class Counsel receiving payment signs an assurance, attesting that they will repay all awarded amounts if this Settlement Agreement does not become Effective.

97. A Fee & Expense Award approved by the Court in an amount less than the amount sought by Class Counsel is not a basis for setting aside this Agreement, and the decision by the Court concerning the Fee & Expense Award shall not affect the validity of the Agreement or finality of the Settlement.

98. Neither the Released Parties nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to any payment(s) to Class Counsel pursuant to this Agreement and/or to any other person who may assert some claim thereto for any Fee & Expense Award that the Court may make in

the Action, other than as set forth in this Agreement. Similarly, neither the Released Parties nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee & Expense Award that the Court may approve in the Action.

99.  Any Service Awards shall be paid from the Settlement Fund Account to Smith & Lowney, PLLC for distribution, out of the Settlement Amount, within thirty (30) calendar days of the Effective Date. Any Fee & Expense Award shall be paid from the Settlement Fund Account, out of the Settlement Amount, within seven (7) calendar days of the Court approving the Fee & Expense Award, subject to Class Counsel's obligation to repay all such amounts with interest at the same rate as is earned on the Settlement Amount on the portion allocable to the Court-approved Fee & Expense Award if the Settlement is terminated for any reason, or if, as a result of any appeal or further proceedings or successful collateral attack, the Court-approved Fee & Expense Award is reduced or reversed.

## XII.  Distribution of Class Member Awards

100.  The Net Settlement Amount shall be distributed to Class Members in accordance with the Distribution Plan, attached hereto as Exhibit A.

101.  Any Class Member Award paid to a deceased Class Member shall be made payable to the estate of the deceased Class Member, provided that the Class Member's estate informs the Administrator of the Class Member's death at least thirty (30) calendar days before the date on which the Administrator calculates Step Three Payments under (and as defined in) the Distribution Plan. Upon receiving such notice, the Administrator shall process that request and reissue the payment to the estate with the next wave of payments under the Distribution Plan.

102.  The Parties shall have no responsibility or liability for any federal, state, or other taxes owed by Class Members as a result of, or that arise from, any Class Member Awards or any other term or condition of this Agreement.

## XIII.  Releases

103.  Class Members identified in the Class definition will release the USAA Bank entities from any and all claims arising from or relating to those asserted in this Action, and any and all claims that could have been asserted in this Action, whether based on the SCRA, MLA or TILA (including the Card Act) or any other federal, state, local, statutory or common law, including, without limitation, breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, negligent misrepresentation, breach of fiduciary duty or special trust, accounting, constructive trust, the Nevada Deceptive Trade Practices Act, the Florida Uniformed Servicemembers Protection Act, and the Federal Declaratory Judgment Act, and including any and all claims for

damages, injunctive relief, interest, attorney's fees, and litigation expenses. To avoid any doubt, this includes all claims arising from or relating to (1) any interest rate reduction, benefit, deferral or credit requested or applied to, or available to be applied to, any loan or credit account due to service in any military branch and/or the National Guard or Reserves, during the period March 31, 2013 through March 13, 2019; (2) Total Loss Protection and Debt Protection agreements, during the period October 3, 2016 through October 1, 2018; (3) any Extended Vehicle Protection plan during the period July 12, 2010 through June 30, 2021; (4) any Debt Protection plan during the period May 4, 2009 through July 31, 2021, and (5) any SCRA Remediation, MLA Remediation, EVP Remediation, or DP Remediation check issued to a Class Member from USAA Bank (collectively, "Released Claims").

104. With respect to the Released Claims, Plaintiffs and Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state, or local law to the extent any such provision is applicable), which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Thus, subject to and in accordance with this Agreement, even if the Plaintiffs and/or Class Members may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, Plaintiffs and each Class Member, upon entry of Final Approval of the Settlement, shall be deemed to have and by operation of the Final Approval Order shall have fully, finally, and forever settled and released all of the Released Claims. This is true whether such Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, concealed or hidden, which now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

105. Plaintiffs and Class Members covenant not to sue or otherwise assert any Claims against USAA Bank based on the Released Claims. The Parties contemplate and agree that this Agreement may be pleaded as a full and complete defense and bar to a lawsuit, and may serve as the basis for an injunction preventing any

action from being initiated or maintained, in any case sought to be prosecuted on behalf of Plaintiffs and Class Members (including, but not limited to, for actual damages, statutory damages, and exemplary or punitive damages) based on the Released Claims.

## XIV. Termination of Settlement

106. This Settlement may be terminated by either Plaintiffs or USAA Bank by serving on counsel for the opposing Party and filing with the Court a written notice of termination within forty-five (45) calendar days (or such longer time as may be agreed between Class Counsel and Counsel for USAA Bank) after any of the following occurrences, provided the terminating party complies with Section 107:

   a. Class Counsel and USAA Bank agree to termination;

   b. the Court rejects, materially modifies, materially amends or changes, or declines to approve the Settlement;

   c. an appellate court reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within two hundred and seventy (270) calendar days of such reversal;

   d. any court incorporates terms or provisions into, or deletes or strikes terms or provisions from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order, or the Agreement in a way that Class Counsel or USAA Bank reasonably considers material;

   e. the Effective Date does not occur; or

   f. any other ground for termination provided for elsewhere in this Agreement.

107. Before terminating this Agreement under the preceding paragraph, the Parties shall have a duty to negotiate with each other in good faith, including engaging a mediator if necessary, to attempt to cure the defect and seek approval of a modified Agreement.

108. USAA Bank also shall have the right, in its sole discretion, to terminate the Settlement if the number of Class Opt-Outs exceeds 5% of the number of all persons included in the Class (the "Termination Option"). USAA Bank shall give written notice to Class Counsel of any decision to exercise the Termination Option within seven (7) calendar days of USAA Bank's receipt of the last timely opt-out statement received pursuant to Section 74. In the event USAA Bank exercises the Termination Option, this Settlement shall become null and void and shall have no further force or effect, all funds being held in the Settlement

Fund Account shall revert to USAA Bank, the Action shall continue, any Preliminary Approval Order shall be automatically vacated, and the Parties shall confer with the Court as to whether and how any notice of the termination should be sent to the Class, with USAA Bank bearing the cost of such notice. Further, the provisions of Sections 110 through 112 shall govern the parties' respective post-termination rights and obligations.

109. No Party may terminate the Settlement because of (1) any intervening change in law impacting the claims alleged in the Action, or (2) the amount of the Fee & Expense Award awarded to Class Counsel or any Service Awards awarded to Plaintiffs.

110. In the event of a termination, this Agreement shall be considered null and void; all of USAA Bank's obligations under the Agreement shall cease to be of any force and effect; any portion of the Settlement Amount that USAA Bank has transferred to the Administrator, including but not limited to any Fee & Expense Award, but excluding Administrative Costs already incurred by the Administrator, shall be returned to USAA Bank, inclusive of any interest that has accrued on such amounts; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not negotiated, entered into, or filed with the Court this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, USAA Bank's right to seek decertification of any settlement class. Further, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose.

111. In the event of a termination, and after payment of any invoices or other fees, expenses, and/or taxes mentioned in this Agreement that have been incurred and are due to be paid from the Settlement Fund Account, the Administrator shall return the balance of the Settlement Fund Account to USAA Bank within seven (7) calendar days of termination. The Administrator shall also apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds to USAA Bank, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund.

112. Within thirty (30) calendar days of termination, any Fee & Expense Award that has been disbursed to Class Counsel pursuant to Court order shall be refunded, reimbursed, and repaid by Class Counsel to USAA Bank; if said amount or any portion thereof is not returned within that thirty (30) day period, then interest shall accrue thereon at the rate of three percent (3%) per annum until the date that said amount is returned.

## XV.  No Admission of Liability

113. USAA Bank disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind. USAA

Bank has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

114. Class Counsel and Plaintiffs believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel and Plaintiffs have concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Class Members.

115. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

116. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (1) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or Class Members, or of any wrongdoing or liability of the Released Parties; or (2) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

## XVI. Miscellaneous Provisions

117. Gender and Plurals. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

118. Deadlines. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, then the applicable date or deadline shall be moved to the next business day, consistent with the Federal Rules of Civil Procedure.

119. Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the Released Parties and Plaintiffs and Class Members, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, representatives, and successors.

120. Cooperation of Parties. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, to defend

22

Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

121. **Class Counsel Warranties.** Class Counsel represent and warrant that they (a) have no current client with a claim against USAA Bank or any of the Released Parties of the type alleged in the Action that has not already been filed and served on USAA Bank and (b) have no present intention to seek out or solicit former or current borrowers with obligations with USAA Bank, to pursue individual or class claims against the Defendant with respect to matters within the scope of the Releases or which in any way involve a claim related to those claims set forth in the Complaint and/or Amended Complaint. The Parties understand and agree that nothing in this Section imposes or shall be construed to prohibit or restrict Class Counsel from representing persons who seek representation for such claims subsequent to the Effective Date of this Agreement.

122. **Confidentiality of Litigation Materials.** Under no circumstance shall Plaintiffs or Class Counsel disclose to any third party any confidentially designated discovery obtained from USAA Bank in the Action, except as may be otherwise permitted in this Agreement. Specifically, this Section does not alter the scope of any confidentiality provisions or provisions regarding the use of non-public information set forth in this Agreement or in the Parties' protective orders in this Action, including, but not limited to, the Parties' obligations regarding return and destruction of property and information outlined in the Parties' protective orders. Within 30 days of the Effective Date, a party in possession of Confidential or Highly Confidential matter (as defined by the Parties' Protective Order in this case), shall either (a) return such matter; (b) at its own expense, destroy such matter upon consent of the producing party who provided the matter and certify in writing that the matter has been destroyed; or (c) dispose of the matter in some other manner upon written agreement by the parties.

123. **Confidentiality of Settlement Negotiations.** The Parties to this Agreement agree to keep strictly confidential and not disclose to any third party any non-public information regarding the Parties' negotiation of this Settlement and/or this Agreement. For the sake of clarity, information contained within this Agreement shall be considered public, as well as any information requested by the Court in the approval process and other such information necessary to implement this Settlement, provided such information is filed (and is not under seal) and/or is not considered to be confidential under the Parties' protective orders in this Action.

124. **Press Release.** Plaintiffs and USAA Bank will not issue press releases, contact the media, or otherwise seek to publicize the case or the terms of the Settlement beyond what is required to effectuate the Settlement, e.g., providing Class Notices to the Class Members. Class Counsel and Counsel for USAA Bank do not presently intend to issue press releases, contact the media, or otherwise seek to publicize the case or the terms of the Settlement beyond what is required to effectuate the Settlement, e.g., providing Class Notices to the Class Members.

23

Nothing in this Section, or elsewhere in this Agreement, shall prevent Class Counsel from: discharging their duties to Class Members; discussing the Settlement with Plaintiffs, Class Members, or the Court; disclosing public information about the case on a resume, curriculum vitae, firm website, in other promotional materials, or in future legal filings; or responding to government inquiries. Nothing in this Agreement shall prevent USAA Bank from providing information to regulators, other government officials, auditors, credit rating agencies, other information required to be provided by law, or responding to requests from the media.

125.     Regular Course of Business. The Parties agree that nothing in this Agreement shall be construed to prohibit communications between USAA Bank and the Released Parties, on the one hand, and Class Members, on the other hand, in the regular course of business.

126.     Class Member Obligations. Under no circumstances shall the Settlement or Agreement or any of the Releases as set forth in Part XIII herein be deemed to alter, amend, or change the terms and conditions of any account or loan to which any Class Member is or was a party, or to provide a defense to any such account or loan, nor shall the Settlement or the Agreement or the Releases be deemed to have any effect in any bankruptcy case, in any foreclosure proceeding, or in any other action involving a Class Member hereto, nor shall the Agreement create or be construed as evidence of any violation of law or contract. In the event this Agreement is so construed as to a particular Class Member, it can be declared by USAA Bank to be null and void as to that Class Member only (and in such latter event, the Releases as to that Class Member shall also be void).

127.     Obligation to Meet and Confer. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have so consulted. In the event that a Party believes the other has violated this Agreement, the Parties will attempt to engage in an informal process of resolving any such dispute prior to filing any action or motion to enforce this Agreement. The Parties agree that in any such enforcement proceeding, attorneys' fees will be awarded to the prevailing party.

128.     Integration.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made, or relied upon, by any Party hereto, except as provided for herein.

129.     No Conflict Intended. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

130.     Governing Law. The Agreement shall be construed in accordance with, and be

governed by, the laws of the State of Texas, without regard to the principles thereof regarding choice of law.

131. Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through e-mail of an Adobe PDF shall be deemed an original. Any Class Representative serving on active military duty may authorize Class Counsel to execute this Agreement on their behalf.

132. Jurisdiction. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Administrator. As part of its agreement to render services in connection with this Settlement, the Administrator shall consent to the jurisdiction of the Court for this purpose.

133. CAFA. The Administrator shall timely send the notices required by 28 U.S.C. § 1715 no more than ten (10) calendar days after Plaintiffs file the Preliminary Approval Motion.

134. Notices. All notices to Class Counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

    Knoll D. Lowney
    Claire E. Tonry
    Alyssa Koepfgen
    SMITH & LOWNEY, PLLC
    2317 E. John Street Seattle,
    Washington 98112
    (t) 206-860-2883
    knoll@smithandlowney.com
    claire@smithandlowney.com
    alyssa@smithandlowney.com

    Steve W. Berman
    Shayne C. Stevenson
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Second Ave., Suite 2000
    Seattle, WA 98101

(t) (206) 623-7292
(f) (203) 623-0594
steve@hbsslaw.com
shaynes@hbsslaw.com


All notices to USAA Bank provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

McGlinchey Stafford, PLLC

Megan S. Ben'Ary
1275 Pennsylvania Ave., NW, Suite 420
Washington, DC 20004
(t) (202) 802-9949
(f) (202) 217-2215

Daniel T. Plunkett
Andrew M. Albritton
601 Poydras Street, Suite 1200
New Orleans, LA 70130
(t) (504) 596-2778
(f) (504) 910-9542

Tharrington Smith, L.L.P.

F. Hill Allen
P.O. Box 1151
150 Fayetteville Street, Suite 1800
Raleigh, N.C. 27602
(t) (919) 821-4711
(f) (919) 829-1583
hallen@tharringtonsmith.com


All notices to the Administrator required or desired to be given under this Agreement shall be in writing and sent by first-class mail as follows:

Epiq
Regarding: *Bulls v. USAA Federal Savings Bank, et al.*
10300 SW Allen Blvd
Beaverton, OR 97005


The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

135. Court Address for Objections. All objections must be sent to the Administrator at the address listed above. In addition, objections must be sent to the Clerk of Court at the following address:

> Clerk of the Court
> U.S. District Court for the Eastern District of North Carolina
> P.O. Box 25670
> Raleigh, North Carolina 27611

136. Modification and Amendment. This Agreement may be amended or modified only by a written instrument signed by Counsel for USAA Bank and Class Counsel and, if the Settlement has been approved by the Court, such amendment or modification is approved by the Court.

137. No Waiver. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

138. Authority. Class Counsel, Plaintiffs, counsel for USAA Bank, and USAA Bank represent and warrant that the persons signing this Agreement have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and USAA Bank to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

139. Agreement Mutually Prepared. Neither USAA Bank nor Plaintiffs shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

140. Independent Investigation and Decision to Settle. The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. It is the Parties' intention to resolve their disputes in connection with Action pursuant to the terms of this Agreement now, and thus, in furtherance of their intentions, the Agreements shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law,

subsequently occurring or otherwise.

l4l.   Receipt of Advice of Counsel.  Each Party acknowledges, agrees, and
specifically warrants that he, she, or it has fully read this Agreement and
the Releases contained in Part XIII hereof, received independent legal
advice with respect to the advisability of entering into this Agreement
and the Releases, and the legal effects of this Agreement and the Releases,
and fully understands the effect of this Agreement and the Releases.

Dated: 8/2/2024

_____
Philip Bulls
*Class Representative*

Dated: 8/2/2024

_____
Dean Brink
*Class Representative*

Dated: 8/2/2024

_____
Carmin Nowlin
*Class Representative*

Dated: 8/2/2024

_____
Nicholas Padao
*Class Representative*

Dated: 8/2/2024

_____
Raphael Riley
*Class Representative*

Dated: 8/2/2024

_____
Knoll D. Lowney
Claire E. Tonry
Marc Zemel
Alyssa L. Koepfgen
SMITH & LOWNEY, PLLC
2317 E. John Street
Seattle, Washington 98112

*Class Counsel*

28

Dated: 8/2/2024 _____          _____

Shayne Stevenson
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301Second Ave., Ste. 2000
Seattle, WA 98101

*Class Counsel*


Dated: _____8/2/2024_____          _____

Daniel Plunkett
Andrew Albritton
MCGLINCHEY STAFFORD, PLLC
601 Poydras St., Ste 1200
New Orleans, LA 70130

Megan S. Ben'Ary
MCGLINCHEY STAFFORD, PLLC
1275 Pennsylvania Ave., NW, Suite 420
Washington, DC 20004

*Counsel for USAA Federal Savings Bank and USAA Savings Bank*

Dated: 8/1/2024

Michael Moran, President

*USAA Federal Savings Bank*

# Exhibit A

# DISTRIBUTION PLAN

The following Distribution Plan is designed to distribute the Settlement Amount and Net Settlement Amount. All defined terms used here shall have the same meaning given to them in the Settlement Agreement.

**A.**     **Distribution Plan for Settlement Amount:**

All attorneys' fees and costs, settlement administration costs (including the Notice Program, settlement administration services, distribution costs, etc.), and incentive awards, shall be paid from the common fund (the "Settlement Amount"). The remainder of the Settlement Amount shall constitute the Net Settlement Amount.

**B.**     **Distribution Plan for Net Settlement Amount:**

**1.**     **Allocation.**

The Net Settlement Amount will be allocated as an automatic payment distribution under "Step One," described below. Any unclaimed amounts from the "Step One distribution" will be distributed as described below as "Step Two."

**2.**     **Settlement Groups.**

The Parties have identified and assigned certain Class Members into groups to facilitate the calculation of the Class Member Awards:

Group 1. Class Members in Group 1 were identified as eligible to receive a Remediation Payment from the SCRA, MLA,  EVP, and DP remediations (further defined in the Settlement Agreement) but did not successfully deposit such payment.

Group 2. Class Members in Group 2 were sent a SCRA Remediation Payment from USAA Bank.

Group 3. Class Members in Group 3 were sent a MLA Remediation Payment from USAA Bank.

**3.**     **Distribution of Net Settlement Amount:**

Step One Payments.

a.     Except as expressly stated below, Step One payments shall be sent out within 7 days of the Effective Date, and each Class Member will receive a single Step One Payment that consists of the following components based upon their eligibility in the following groups:

Group 1 Payments: The first component will be paid to Class Members who were previously sent a remediation payment for the SCRA, MLA, EVP, and DP Remediations (further defined in the Settlement Agreement) , but who did not

1

successfully cash or deposit that payment. As of June 18, 2024, the amount of these previous remediation payments was $33,402,833.59. This amount will continue to decrease as USAA Bank meets its obligations to continue to escheat Remediation Checks, but only until July 2, 2024. This amount will also continue to decrease as USAA Bank meets its obligations to service member requests to reissue Remediation Checks until the date of entry of the Preliminary Approval Order. These "Group 1 Payments" will be made to Class Members in the amounts previously calculated in the prior remediations.

Group 2 and Group 3: All Class Members who were previously sent a remediation payment pursuant to the SCRA Remediation and/or MLA Remediation will receive an additional payment of $50 per applicable account for which a SCRA or MLA remediation payment was issued.

Group 2: The remainder of the Net Settlement Amount will be paid to Class Members who were previously sent a remediation payment pursuant to the SCRA Remediation, allocated pro-rata in proportion to such prior SCRA Remediation payment.

b.     For those Class Members who hold active direct deposit accounts with USAA Bank in their name only, USAA Bank agrees to deposit Step One Payments directly into their accounts. The Settlement Administrator shall transfer the amount of the Direct Deposit Payments back to USAA Bank with sufficient time to make the distributions required herein.

c.     The Settlement Administrator will issue and distribute all other Step One Payments by check or electronic means.

d.     The Class Notice will provide Class Members with the opportunity to log onto the Settlement Website to confirm or correct their mailing address and choose a preferred method of distribution of their Class Member Award, if they are ineligible for direct deposit, from the methods made available by the Settlement Administrator (*e.g.,* to the extent feasible, by check, Venmo, Paypal, Zelle, etc.).

e.     Unless a Class Member Award can be distributed by direct deposit or another means chosen by the Class Member, the Class Member Award will be distributed by check. Class Member Award checks will become void after one hundred eighty (180) days and the amounts of such voided checks returned to the Settlement Administrator's Account, except that any Group 1 Payments for which the check is not negotiated will escheat as discussed in Step 2 below.

f.     The Parties agree that the Settlement Administrator will use a mailing protocol for outreach to Class Members, including but not limited to review of the National Change Of Address or similar database to obtain current mailing addresses for Class Members, in order to increase the likelihood that checks are received and successfully deposited by Class Members.

g.     Approximately forty-five (45) days after the issuance date of a check, a reminder notice will be sent by the Settlement Administrator to Class Members who have not deposited their checks. The reminder notice shall inform the Class Member that a check was issued to them, the deadline for depositing the check, and options for seeking check reissuance. If a check is reissued,

it will become void after one hundred eighty (180) days and the amounts of such checks returned to the Settlement Administrator's Account and remain part of the Net Settlement Amount.

h.     The Settlement Administrator shall honor the original checks up until their voiding date ("Waterfall Date"). Upon the Waterfall Date, the amounts of all undeposited Step One, Group 2 and 3 Payments, and all interest proceeds earned on any Settlement Amounts held by the Administrator, shall be added back into the remaining Net Settlement Amount proceeds. The Settlement Administrator shall track any Class Member requests for reissuance of Step One Payments received after the Waterfall Date and process such requests as part of Step Three Payments to the extent sufficient funds remain in the Net Settlement Amount at that time and payments have not escheated.

Step Two Payments: After outreach by the Settlement Administrator (as noted in Step One above), and reissuance of uncashed checks as needed, the amount of uncashed settlement checks will be distributed as follows:

a.     Any "Group 1 Payments" portion of Step One Payments that remain uncashed on the Waterfall Date shall be escheated by the Settlement Administrator. Until escheated, such amounts shall be held in an interest-bearing account and all interest on such amounts shall be used to fund this Settlement, including the Step Three Payment process.

b.     The remainder of uncashed settlement checks from Step One, Group 2 and 3, and all interest proceeds earned on any Settlement Amounts held by the Settlement Administrator, will be distributed as a second round of payments to Class Members who successfully received a Step One payment (through direct deposit, cashed check, or other electronic means) in excess of $250, allocated pro-rata based upon the amount of the previously successfully received payment.

c.     Except as provided herein, all provisions for distribution of Step One Payments, including reminder notices, including provisions for direct deposit, shall apply to Step Two Payments.

d.     The Settlement Administrator shall honor check reissuance requests from Class Members up until the original one hundred eighty (180) day void date. Reissued checks will be valid for ninety (90) days from the reissue date ("Final Void Date"). After the Final Void Date, all undeposited Step Two Payments shall be added back into the remaining Net Settlement Amount.

Step Three Payment: The remaining Net Settlement Amount will be distributed as follows:

a.     First, to pay any remaining settlement administration costs.

b.     Second, to pay any untimely request for reissuance of Step One Payments or Step Two Payments received as of Final Void Date, to the extent of available funds, in the order such requests were received.

c.     If any Net Settlement Amounts remain after (a) and (b) above are completed, the remainder will be distributed as *cy pres* to one or more not-for-profit organizations

providing services to military service members and veterans. *Cy pres* recipient(s) shall be agreed upon by the Parties and submitted to the Court for approval.

Except as to USAA Bank's distribution of Class Member Awards by direct deposit, USAA Bank will bear no responsibility and play no role in allocation of the Settlement Amount to the Class Members.

**C.    Class Data:**

USAA Bank is responsible for providing sufficient data in processed, readily useable form, *e.g.*, in Excel spreadsheets, to identify all Class Members and other information as needed to effectuate the Settlement.

**D.    No Claim Submission Required by Class Members:**

All payments shall be issued to Class Members without requiring them to submit a claim form.

COUNSEL FOR PLAINTIFFS

*s/Knoll Lowney*
Knoll Lowney
Smith & Lowney, PLLC
2317 E. John Street
Seattle, WA 98112
Tel: (206) 860-2883
knoll@smithandlowney.com

Steve W. Berman
Shayne C. Stevenson
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (203) 623-0594
steve@hbsslaw.com
shaynes@hbsslaw.com

COUNSEL FOR USAA Federal Savings Bank and USAA Savings Bank

*s/Daniel T. Plunkett*
Daniel T. Plunkett
Andrew M. Albritton
601 Poydras St., Suite 1200
New Orleans, LA 70130
(504) 596-2778

4

(504) 910-9542 (fax)
Email: dplunkett@mcglinchey.com
Email: aalbritton@mcglinchey.com

Megan S. Ben'Ary
1275 Pennsylvania Ave., NW, Suite 420
Washington, DC 20004
(202) 802-9949
(202) 217-2215 (fax)
Email: mbenary@mcglinchey.com

5

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## CASE NO. 5:21-cv-00488-BO

PHILIP BULLS, DEAN BRINK, CARMIN NOWLIN, NICHOLAS PADAO, and RAPHAEL RILEY, *on behalf of themselves and others similarly situated*,

        Plaintiffs,

v.

USAA FEDERAL SAVINGS BANK, and USAA SAVINGS BANK,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Now before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. The Court has considered the Parties' papers, relevant legal authority, and the record in this case, and the Court hereby GRANTS the Motion for Preliminary Approval.

WHEREAS, Plaintiffs Phillip Bulls, Dean Brink, Carmin Nowlin, Nicholas Padao, and Raphael Riley (collectively "Plaintiffs"), on behalf of themselves and on behalf of the proposed Settlement Class, and Defendants USAA Federal Savings Bank and USAA Savings Bank ("USAA Bank" or "Defendants"), have agreed, subject to Court approval, to settle the above-captioned litigation upon the terms set forth in the August 2, 2024 Settlement Agreement ("Settlement Agreement");

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into among the Parties, as well as all exhibits thereto, the record in this case, the briefs and arguments of counsel, and supporting exhibits;

1

WHEREAS, Plaintiffs have moved for an order granting preliminary approval of the Settlement;

WHEREAS, this Court preliminarily finds that the Settlement meets all the requirements of Rule 23(e) of the Federal Rules of Civil Procedure;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter of this lawsuit and over the settling Parties.

2. The Court does hereby preliminarily approve the Settlement Agreement, subject to further consideration at the Final Approval Hearing described below and directs the Parties to perform and satisfy the terms and conditions of the Settlement Agreement that are hereby triggered.

3. A Final Approval Hearing shall be held before this Court on _____ ___, **2024, at _____a.m./p.m., at the Federal Courthouse located at [                               ], in Courtroom _____ [not earlier than 103 calendar days after entry of this order],** to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class Members and should be approved by the Court; whether final judgment should be entered; the amount of fees, costs, and expenses that should be awarded to Class Counsel; and the amount of any incentive awards to be awarded to the Class Representatives. Attendance at the Final Approval Hearing is not mandatory and Class Members need not appear or take any other action to indicate their approval of the

2

Settlement Agreement. The Court may change the day of the Final Approval Hearing without further notice to the Class.

4. For settlement purposes only, this action is hereby preliminarily certified and may be maintained as a class action under Rule 23 on behalf of a class (the "Class") defined as follows:

> All USAA Bank customers who (1) received and deposited a remediation check as a result of the SCRA Remediation or the MLA Remediation, or (2) were identified to receive remediation based upon the SCRA Remediation, the MLA Remediation, the EVP Remediation, or the DP Remediation, but did not successfully cash or deposit such remediation payment. Excluded from the Class are all persons who have executed a release of the rights claimed in this action. Also excluded from the Class are USAA Bank; USAA Bank's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which USAA Bank has or had a controlling interest. Also excluded from the Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of his or her immediate family.

5. The Court finds that, in the context of this proposed Settlement only, the prerequisites to class certification under Rule 23(a) are satisfied, to wit:

> a. The Class is so numerous that joinder of all members is impracticable;
>
> b. There are numerous questions of law and fact common to all members of the Class and the claims of the named Plaintiffs in this action are typical of the claims of the Class Members; and
>
> c. These named Plaintiffs, represented as they are by counsel with vast experience in complex class-action litigation, will fairly and adequately protect the interests of the Class.

3

6.     The Court finds further that, in the context of the proposed Settlement only, questions of law and fact common to all members of the Class predominate over questions affecting only individual members, and certification of the Class for purposes of settlement is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

7.     The Court approves, as to form and content, the Class Notices attached as Exhibits D and E to the Settlement Agreement.  The Court further finds that the proposed Notice Program, including all forms of the proposed Class Notices, substantially meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due process and sufficient notice to all persons entitled thereto.

8.     The Court confirms and appoints Epiq Class Action and Claims Solutions as the Administrator to administer the terms of the Settlement Agreement and to notify and pay the Class Members.  The Administrator shall commence all aspects of the approved Notice Program, including direct notice mailing and dedicated website, as more fully set forth in the Declaration Regarding Dissemination of Class Notice, in accordance with the schedule set forth below.

9.     No later than thirty (30) days from the entry of this Order, the Administrator shall cause the full versions of the Settlement Agreement and the Preliminary Approval Order to be published on a public website, located at www.USAABankclassaction.com. This website shall remain operational until at least ninety (90) calendar days after the Effective Date.

10.     No later than thirty (30) days from the entry of this Order, the Administrator shall have completed the Notice Program to the Class by mailing and/or emailing the Class Notices, substantially in the form as Exhibit D to the Settlement Agreement, to all members of the Class whose addresses can be identified with reasonable effort ("Notice Deadline"). The Settlement

Administrator will use the list of names and addresses of all members of the Class provided by USAA Bank in electronic form.

11.     The Court approves, as to form and content, the Distribution Plan, attached as Exhibit A to the Settlement Agreement.

12.     All reasonable expenses incurred in identifying and notifying members of the Class, as well as administering and distributing the settlement funds, shall be paid for as set forth in the Settlement Agreement.

13.     The Court, pursuant to Federal Rule of Civil Procedure 23, designates each of the named Plaintiffs in this action as Class Representatives and preliminarily appoints Smith & Lowney, PLLC and Hagens Berman Sobol Shapiro LLP as Class Counsel in this matter.

14.     Counsel shall file their motion for attorney fees, costs, and service awards and all supporting documentation and papers, no later than twenty-one (21) days after the Notice Deadline.

15.     Any person who desires to request exclusion from the Settlement shall do so by mailing their exclusion request to the address provided in the notice so they are received by the Settlement Administrator or postmarked no later than forty-five (45) days after the Notice Deadline.  All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgment entered in the litigation.  No later than fourteen (14) days prior to the Final Approval Hearing, the Administrator shall file a report of the number of Class Opt-Outs with the Court.

16.     Any Class Member may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice.

5

17.     Any member of the Class who has not requested exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement.  All written objections and supporting papers must (a) clearly identify the case name and number, *Bulls v. USAA Federal Savings Bank, et al.*, Case No. 5:21-cv-00488-BO (E.D.N.C.), (b) be submitted to the Court by mailing them to the Clerk, United States District Court for the Eastern District of North Carolina, located at P.O. Box 25670, Raleigh, North Carolina 27611, and (c) be filed or postmarked no later than forty-five (45) days after the Notice Deadline.

18.     For an objection to be considered, the objection must set forth:

a.  The name of the Action (*Bulls v. USAA Federal Savings Bank, et al*., Case No. 5:21-cv-00488-BO (E.D.N.C.));

b.  The objector's full name, address, and phone number;

c.  An explanation of the basis upon which the objector claims to be a Class Member;

d.  All grounds for the objection, accompanied by any legal support for the objection;

e.  The identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection;

f.  Whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing.  Any counsel who will appear at the Final Approval Hearing must contemporaneously enter a written Notice of Appearance of Counsel with the Clerk of the Court;

g.  A list of all other class action settlements to which the objector or their counsel filed an objection;

> h. A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and
>
> i. The objector's signature (an attorney's signature is not sufficient).

19. All non-settlement-related proceedings in this action are stayed pending final approval of the proposed Settlement.

20. Class Counsel shall file their motion for final approval of the Settlement, and all supporting documentation and papers, no later than seven (7) days before the Final Approval Hearing.

21. No later than fourteen (14) days before the Final Approval Hearing, Class Counsel shall file with the Court a declaration from a representative of the Administrator confirming that the plan for disseminating the notice has been accomplished in accordance with the Settlement Agreement and Distribution Plan approved and adopted here ("Notice Declaration").

22. Class Counsel shall file their responses to any objections to the Settlement Agreement, or to the application for attorneys' fees, reimbursement of costs and expenses, and class representative incentive awards, no later than seven (7) days before the Final Approval Hearing.

23. If for any reason the Settlement Agreement is not finally approved by the Court, each Party's rights to litigate will be restored to the same extent as if the Settlement Agreement had never been entered into.

24. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Defendants of the truth or falsity of any of the allegations in this lawsuit, or of any liability, fault, or wrongdoing of any kind.

25.     All Class Members are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed Settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement.

26.     All Class Members shall be bound by all determinations and orders in this lawsuit concerning the Settlement, whether favorable or unfavorable to the Class Members.

27.     The Court adopts the schedules and deadlines contained in the proposed Settlement Agreement, including the following:

| Event | Date |
|---|---|
| Preliminary Approval | Date of entry of this Order (see below) |
| Deadline for establishing dedicated settlement website | 30 calendar days after Preliminary Approval |
| Deadline for USAA Bank to transfer Settlement Amount | 10 business days after Preliminary Approval |
| Notice Deadline (Date by which the Administrator must complete the Notice Program) | 30 calendar days after Preliminary Approval |
| Deadline for filing motion for attorneys' fees, costs, expenses, and service awards | 21 calendar days after the Notice Deadline (51 calendar days after Preliminary Approval) |
| Deadline to opt out of the Settlement | 45 calendar days after the Notice Deadline (75 calendar days after Preliminary Approval) |
| Deadline to file objections to the Settlement | 45 calendar days after the Notice Deadline (75 calendar days after Preliminary Approval) |
| Deadline for Settlement Administrator to file report of number of Class Opt-Outs and Notice Declaration with the Court | 14 calendar days before Final Approval Hearing |

8

| Last day to respond to any objections to the Settlement Agreement | 7 calendar days before Final Approval Hearing |
|---|---|
| Deadline for Class Counsel to file motion for Final Approval | 7 calendar days before Final Approval Hearing |
| Final Approval Hearing | _____ __, 2024, at _____ a.m./p.m. (not earlier than 103 calendar days after Preliminary Approval) |

28.     The Court reserves the right to adjourn, continue, or otherwise change the date of the Final Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Class Members are advised to confirm the date of the Final Approval Hearing as set forth in the Class Notices. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

Date: _____        _____
                                                                    Honorable Terrence W. Boyle
                                                                    Chief United States District Judge

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing **Proposed Order Granting Plaintiffs' Motion for Preliminary Approval** has been electronically filed with the Clerk of Courts using the CM/ECF system.

This the _th day of August, 2024.

By:     */s/*_____

10

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:21-cv-00488-BO**

PHILIP BULLS, DEAN BRINK, CARMIN NOWLIN, NICHOLAS PADAO, and RAPHAEL RILEY, *on behalf of themselves and others similarly situated*,

    Plaintiffs,

    v.

USAA FEDERAL SAVINGS BANK, and USAA SAVINGS BANK,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Settlement ("Motion") and after hearing from the Parties to this Settlement at a Final Approval Hearing on _____, it is hereby ORDERED as follows:

1.   The Motion is GRANTED.

2.   This Order incorporates by reference the Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") between Defendants USAA Federal Savings Bank and USAA Savings Bank (collectively "USAA Bank") and the certified Class as defined by the Agreement and by the Order Preliminarily Approving Class Settlement and Approving Form and Manner or Notice ("Preliminary Approval Order"). All terms used here shall have the same meaning as set forth in the Settlement Agreement.

3.   The Court has personal jurisdiction over the Plaintiffs, all Class Members, and USAA Bank and subject matter jurisdiction to approve this Settlement Agreement.

4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes

1

of this Settlement, the Court certifies the Class, finding that questions of law and fact common to all members of the Class predominate over questions affecting only individual members, and certification of the Class for purposes of settlement is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

5.      Class Notices have been given to the Class in the manner directed by the Preliminary Approval Order, an affidavit confirming that the Notice Program and CAFA Notice was completed in a timely manner was provided by the Administrator and filed with the Court, and full opportunity to be heard has been offered to all Parties, including all Class Members. The Court finds that form and manner of distributing the Class Notices (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Final Approval Hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complies in all respects with the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable law.

6.      Class Counsel and the named Plaintiffs adequately represented the Class Members for purposes of entering into and implementing this Agreement and Settlement, and, pursuant to Rule 23, the Court gives final appointment of counsel Smith & Lowney, PLLC and Hagens Berman Sobol Shapiro LLP as Class Counsel in this matter.

7.      The persons identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement and are hereby excluded from the Settlement, are not bound by this Order, and may not make any claim against or receive any benefit from the Settlement, whether monetary or otherwise. Each Class Member

not appearing in Exhibit A is bound by this Order.

8.     The Court finds that the settlement set forth in the Settlement Agreement between Plaintiffs, as representatives of the Class, and USAA Bank, is fair, reasonable, and adequate and in the best interests of the Class, applying the four factor test enunciated in *In re Jiffy Lube Sec. Litig.,* 927 F.2d 155 (4th Cir. 1991), and it is hereby approved. The Court directs that the Settlement Agreement be consummated pursuant to its terms and conditions.

9.     This Action and all claims included therein, as well as all the Released Claims (as defined in the Agreement) are dismissed with prejudice as to all Class Members against all Released Parties.

10.     The Court approves the Distribution Plan agreed to by the Parties, whereby the Settlement Amount shall be distributed to Class Members. The Administrator is hereby authorized to complete the Distribution Plan. Escheatment required under the Distribution Plan shall occur upon the Final Void Date as defined in the Distribution Plan.

11.     Any order approving or modifying the Distribution Plan or the application for the Fee & Expense Award and Service Awards shall not affect the finality of this Final Approval Order. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement as shall be consistent in all material respects with the Final Approval Order and not limit the rights of the Parties or Class Members; and containing such other and further provisions consistent with the terms of this Agreement to which the Parties expressly consent in writing.

12.     The Court reserves exclusive and continuing jurisdiction over the Action for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Agreement and the Distribution Plan; (b) hearing and determining any application by Class

Counsel for the Fee & Expense Award and Service Awards, if such determination is not made at

the Final Approval Hearing; and (c) supervising the distribution of the Net Settlement Amount.


Date: _____      _____
                                     Honorable Terrence W. Boyle
                                     Chief United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **Proposed Order Granting Plaintiffs' Motion for Final Approval** has been electronically filed with the Clerk of Courts using the CM/ECF system.


This the _th day of _____, 2024.

By:    <u>/s/                              </u>

# Exhibit D

**You are receiving this notice because a class action settlement may affect your rights.**

**<u>You May Be Eligible For Payment from a Class Action Settlement.</u>**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A Settlement that will pay the Class over $64 million has been reached in a class action lawsuit alleging, among other things, USAA Federal Savings Bank and USAA Savings Bank ("USAA Bank") failed to properly reduce the interest rate on the accounts of servicemember customers as required by the Servicemembers Civil Relief Act and as represented by USAA policy among other alleged violations of law, equity, and breach of contract. USAA denies each and all of the claims and allegations of wrongdoing made by the Plaintiffs.

**Your legal rights will be affected whether you act or do not act. Please read this notice carefully.**

**How do you receive payment? <u>If you have received this notice, you do not need to do anything to receive a settlement payment.</u> You will be sent a payment if the Court approves the Settlement and it becomes final. <u>You may visit www.USAABankclassaction.com for more information, to request electronic payment, or to update your address for check payments.</u>**

**Who is included in the Settlement? <u>If you received this notice, you are in the Class.</u>** The "Class" is defined as: "All USAA Bank customers who (1) received and deposited a remediation check as a result of the Servicemember Civil Relief Act Lookback Review for the period of March 31, 2013 through March 13, 2019 ("SCRA Remediation") or the Military Lending Act Remediation for the period of October 3, 2016 through October 1, 2018 ("MLA Remediation"), or (2) were identified to receive a remediation check based upon the SCRA Remediation, the MLA Remediation, the Extended Vehicle Protection Remediation for the period of July 12, 2010 through June 30, 2021 ("EVP Remediation"), or the Debt Protection Remediation for the period of May 4, 2009 through July 31, 2021 ("DP Remediation"), but did not successfully cash or deposit such remediation payment."

If you have other questions about the Settlement, visit the Settlement website at **www.USAABankclassaction.com** or call the toll-free number 1-XXX-XXXX. You may also send questions to the Settlement Administrator at info@_____.com. **Please do not email, call, or send questions to USAA Bank or to the Court. USAA Bank will direct you to the Settlement Administrator for answers to any Settlement questions.**

**What does the Settlement provide?**

- **<u>The Settlement Amount</u>** of over $64 million will be used to pay court-approved attorneys' fees and costs, service awards to Class Representatives, all settlement administration costs, and taxes and tax expenses (if any). The remainder of the Settlement Amount will be distributed to Class Members. For more detailed information about how the Settlement Amount will be used and distributed, please visit the case website to review the full-length Notice and Settlement Agreement.

**How can I determine what my payment will be?** Information regarding how the payments for each group will be calculated can be found in the distribution section of the Settlement Agreement posted at the case website **www.USAABankclassaction.com.**

**What are my Legal Rights and Options in this Settlement?**

- **<u>If you do nothing, you will receive a settlement payment as a Class Member.</u>** You will give up your right to participate in other litigation against USAA Bank about the issues, claims, and allegations made in this case.
- **Request Exclusion.** You will receive no benefit from the Settlement. This option allows you to retain your rights to participate in other lawsuits against USAA for the claims in this case.
- **Object.** If you are a member of the Class, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and expenses, and/or the Service Awards to the Class Representatives.
- **Go to a Hearing.** You have the option to request to speak at the Final Approval Hearing, but you must send a letter informing the Court of your intention to appear and speak.

Detailed instructions regarding how to exercise your legal rights and options can be found at the case website **www.USAABankclassaction.com** or by calling the toll-free number

**Final Approval Hearing.** The Court has scheduled a Final Approval Hearing before Judge Terrence W. Boyle on___, 2024 at___: _.m. in Courtroom _of the Eastern District of North Carolina United States Courthouse located at 310 New Bern Avenue, Raleigh, North Carolina, 27601. The hearing date and time is subject to change. Updates to the date and time will be posted to the case website at www.USAABankclassaction.com.

At the hearing, the Court will consider granting final approval of the Settlement based on whether it is fair, reasonable, and adequate. The Court may also consider requests by Class Counsel for attorneys' fees and expenses related to the litigation and administration of the Settlement and Service Award for the Class Representative. If there are objections, the Court will consider them at the hearing as well.

**1-XXX-XXX-XXXX**                    **www.USAABankclassaction.com**

## A.   Class Member ID: XXXXXXXX-XX

# Exhibit E

# You are receiving this notice because a class action settlement may affect your rights.

## You May Be Eligible For Payment From A Class Action Settlement.

The Parties have settled a class action on behalf of all USAA Bank customers who (1) received and deposited a remediation check as a result of the Servicemember Civil Relief Act Lookback Review for the period of March 31, 2013 through March 13, 2019 ("SCRA Remediation") or the Military Lending Act Remediation for the period of October 3, 2016 through October 1, 2018 ("MLA Remediation"), or (2) were identified to receive a remediation check based upon the SCRA Remediation, the MLA Remediation, the Extended Vehicle Protection Remediation for the period of July 12, 2010 through June 30, 2021 ("EVP Remediation"), or the Debt Protection Remediation for the period of May 4, 2009 through July 31, 2021 ("DP Remediation"), but did not successfully cash or deposit such remediation payment (the "Class").

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement providing payment of approximately $64 million to the Class has been reached in this class action lawsuit. Plaintiffs in the lawsuit allege, among other things, that USAA Federal Savings Bank and USAA Savings Bank ("USAA Bank") failed to properly reduce the interest rate on accounts of servicemember customers as required by the Servicemembers Civil Relief Act (SCRA) and as represented by USAA Bank policy, in violation of the SCRA, the Military Lending Act ("MLA"), the Truth in Lending Act, the Nevada Deceptive Trade Practices Act, and the Florida Uniformed Servicemembers Protection Act, and in breach of contract.
- The Settlement provides for payments to all Class Members in accordance with a Distribution Plan described below.
- USAA Bank denies each and all of the claims and allegations of wrongdoing made by the Plaintiffs.
- Your legal rights will be affected whether you act or do not act. Please read this notice carefully.

| Summary of Your Legal Rights and Options in this Settlement | |
|---|---|
| **Do Nothing and Get a Payment Automatically** | The Settling Parties have identified all Class Members. If you have been identified as a Class Member, you do not need to do anything to receive a payment. Your payment will be automatically sent to you if the Court approves the Settlement and it becomes final. If you do exclude yourself from the Settlement, you give up your right to participate in other litigation against USAA Bank about the claims made in this case. You may visit **www.USAABankclassaction.com** to request electronic payment or to update your address for check payments. |
| **Exclude Yourself** | If you exclude yourself, you will not receive benefits from the Settlement. This option allows you to retain your right to participate in other lawsuits against USAA Bank regarding the claims made in this case. |
| **Object** | Write to the Court if you do not approve of the Settlement. |
| **Go to a Hearing** | You may ask to speak in Court about the fairness of the Settlement. |

- These options and the deadlines to exercise them are further detailed in this notice.
- The Court assigned to this case still has to decide whether to give final approval of the Settlement. If the Court grants final approval and any appeals are resolved, payments will be sent to Class Members.

**QUESTIONS? Call 1-XXX-XXX-XXXX or visit**
WWW.USAABANKCLASSACTION.COM
Case 5:21-cv-00488-BO Document 133-1 Filed 08/02/24 Page 58 of 65

| Notice Contents |
|---|

**Basic Information**
1. Why am I receiving this notice?
2. What is the litigation about?
3. Why is this a class action?
4. Why is there a Settlement?

**The Settlement**
5. Who is included in the Settlement?
6. How do I determine whether I am part of the Settlement?

**The Settlement Benefits**
7. What does the Settlement provide?
8. How can I determine what my payment will be?
9. How can I determine when I will receive payment?
10. What rights am I giving up by remaining a member of the Class and receiving payment?

**How to receive a payment**
11. What do I have to do to receive payment?
12. Can I choose the method by which I will receive payment?
13. Can I update my address so you send my check to the right place?

**Excluding yourself from the Settlement**
14. What do I do if I do not want to participate in the Settlement?
15. If I do not request exclusion, can I sue USAA Bank for the same claims later?
16. If I request exclusion, can I still receive a payment?

**The Lawyers Representing You**
17. Do I have a lawyer in this case?
18. How will the lawyers receive payment for their services?

**Objecting to the Settlement**
19. How do I inform the Court if I object to the Settlement?
20. What is the difference between objecting to the Settlement and requesting exclusion?

**Final Approval Hearing**
21. When and where will the Court decide whether to grant final approval of the Settlement?
22. Do I have to attend the hearing?
23. How do I request to speak at the hearing?

**Getting More Information**
24. How and where can I get more detailed information?

# A.  Basic Information

### 1. Why am I receiving this notice?

Judge Terrence W. Boyle of the United States District Court for the Eastern District of North Carolina authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and all your options before the Court decides whether to give final approval to the Settlement. This notice explains the litigation, the Settlement, and your legal rights.

Judge Boyle is overseeing this case. This lawsuit is known as *Bulls v. USAA Federal Savings Bank*, Case No. 5:21-cv-00488. The people who initiated the litigation are the "Plaintiffs." USAA Bank is the "Defendant."

### 2. What is this litigation about?

Plaintiffs allege, among other things, that, between March 31, 2013 and March 31, 2019, USAA Bank failed to properly reduce the interest rate on accounts of servicemember customers as required by the SCRA and as represented by USAA Bank policy, in violation of the SCRA, the Military Lending Act, the Truth in Lending Act, the Nevada Deceptive Trade Practices Act, and the Florida Uniformed Servicemembers Protection Act, and in breach of contract.

USAA Bank denies each and all of the claims and allegations of wrongdoing made by the Plaintiffs and denies that it has violated any law, contract, or other duty.

The filed Complaint in the lawsuit can be viewed at [www.USAABankclassaction.com.](www.USAABankclassaction.com) The Complaint includes all allegations and claims asserted against USAA Bank.

### 3.  Why is this a class action?

A class action lawsuit allows a large number of people with a common claim in a matter to sue collectively while only being represented by a few members of the group called "Class Representatives." In this case, a group of servicemembers and veterans who are  customers of USAA Bank have brought the suit on behalf of themselves and any other people with similar claims.

The Court has appointed the following servicemembers to act as Class Representatives: Philip Bulls, Dean Brink, Carmin Nowlin, Nicholas Padao, and Raphael Riley.

### 4.  Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or USAA Bank. The parties have agreed to a Settlement.

By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Class Members receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that USAA Bank did anything wrong. USAA Bank denies all legal claims and allegations of wrongdoing in this case.

Class Representatives and their lawyers think the proposed Settlement is best for everyone who may be affected by the alleged improper interest charges and other claims in the lawsuit.

**QUESTIONS? Call 1-XXX-XXX-XXXX or visit**
Case 5:21-cv-00488-BO  Document 133-1   Filed 08/02/24   Page 60 of 65
**www.USAABankclassaction.com**

## B. The Settlement

| 5. Who is included in the Settlement? |
|---|

The Settlement Agreement defines the Class as:

"All USAA Bank customers who (1) received and deposited a remediation check as a result of the SCRA Remediation or the MLA Remediation, or (2) were identified to receive a remediation check based upon the SCRA Remediation, the MLA Remediation, the EVP Remediation, or the DP Remediation, but did not successfully cash or deposit such remediation payment." Excluded from the Class are USAA Bank; USAA Bank's officers and directors at all relevant times, as well as members of USAA Bank's immediate families and legal representatives, heirs, successors, or assigns; and any entity in which USAA Bank has or had a controlling interest. Also excluded from the Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of his immediate family.

"Class Member" means any person included in the Class who does not opt out of the Class in the manner described in this notice.

| 6. How do I determine whether I am part of the Settlement? |
|---|

If you are not sure whether you are in the Class, or have any other questions about the Settlement, visit the Settlement website at www.USAABankclassaction.com or call the toll-free number, 1-XXX-XXX-XXXX. You may also send questions to the Settlement Administrator at info@_____.com. **Please do not email, call, or send questions about the Settlement to USAA Bank or to the Court. USAA Bank will direct you to the Settlement Administrator for answers to any Settlement questions.**

## C. The Settlement Benefits

| 7. What payments does the Settlement provide? |
|---|

The Settlement Amount of over Sixty-Four Million Dollars ($64,000,000.00) will be used to pay Court-approved attorneys' fees and costs, incentive awards to the Class Representatives, all settlement administration costs (including notice costs, escrow and settlement administration services, distribution costs, etc.), and taxes and tax expenses (if any).

The remainder of the Settlement Amount ("Net Settlement Amount") will be distributed through a three-step Distribution Plan.

Step One will consist of the payment of Thirty-Three Million, Four Hundred and Two Thousand, Eight Hundred and Thirty Three Dollars and Fifty Nine Cents ($33,402,833.59) to Class Members who were previously sent a remediation payment pursuant to previous remediation payments for the SCRA, MLA, EVP, and DP Remediations, but who did not successfully deposit that payment ("Group 1"). Next, a minimum payment of Fifty Dollars ($50.00) per applicable account will be paid to each Class Member who was previously sent a remediation payment pursuant to the SCRA Remediation and/or MLA Remediation ("Group 2 and Group 3"). The approximate amount of the remaining Net Settlement Amount will be paid to Class Members who were previously sent a remediation payment pursuant to the SCRA Remediation, allocated pro-rata in proportion to such prior SCRA Remediation payment ("Group 2").

Step Two provides that any "Group 1 Payments" of Step One Payments that remain uncashed 180 days after issuance ("the Waterfall Date") shall be escheated by the Settlement Administrator.

The remainder of uncashed settlement checks from Step One, Group 2 and 3, and all interest proceeds earned on any Settlement Amounts held by the Settlement Administrator, will be distributed as a second round of payments to Class Members who successfully received a Step One payment (cashed check or received a payment made by electronic means) in excess of $250, allocated pro-rata based upon the amount of the previously successfully received payment.

Step Three will consist of the payment of any unforeseen costs of settlement administration and payment of any untimely requests for reissuance of Step One or Step Two payments. If any Net Settlement Funds remain, they will be distributed to not-for-profit organization(s) approved by the court providing services to military servicemembers and veterans.

**8. How can I determine what my payment will be?**

If you are eligible to receive payment from the Settlement, the amount will be based upon the criteria described for each group defined in Section 7 above, but the average settlement payment is estimated to exceed $200.

More detailed information regarding how the payments for each group will be determined can be found in the distribution section of the Settlement Agreement posted at the case website www.USAABankclassaction.com.

**9. How can I determine when I will receive payment?**

The Parties are using a distribution process that maximizes the likelihood that Settlement payments are received and successfully deposited. Class Members who are entitled to payments will receive their payments by mailed check or by other widely available electronic means if the Class Member so chooses. Most payments will be issued only after the Court grants final approval to the Settlement and after any appeals are resolved. If there are appeals, resolving them can take time. It is prudent to check with the case website often for updates regarding the status of the Settlement and options for selecting how your funds will be delivered.

**10. What rights am I giving up by remaining a member of the Class and receiving payment?**

Unless a member of the Class submits a request to be excluded from the Settlement, he or she is bound by the terms of the Agreement and cannot be part of any other lawsuit brought against USAA Bank for the same issues, claims and allegations in this case. The Settlement Agreement is available at www.USAABankclassaction.com and describes what rights you will give up if you remain a participant in the Settlement.

## D. How To Receive A Payment

**11. What do I have to do to receive payment?**

If you have been identified as a Class Member entitled to payment, you do not have to take any action to receive the payment. Payments will be issued automatically as described in Section 9 above.

**12. Can I choose the method by which I will receive payments (check, Paypal, etc.)**

Please visit www.USAABankclassaction.com to choose an electronic form of payment. Otherwise, you will be mailed a check.

**13. Can I update my address so you send my check to the right place?**

Please visit www.USAABankclassaction.com to update your address. You will be required to provide proof of identity in order to change your address.

## E. Excluding Yourself From The Settlement

**16. What do I do if I do not want to participate in the Settlement?**

If you do not want to receive payment from the Settlement and instead want to retain your right to participate in other lawsuits against USAA Bank for the same legal issues in this case, then you must take the steps to request exclusion from the Settlement. This action is also referred to as "opting out" of the Class.

To request exclusion from the Settlement, you must send a letter or other written document by mail to the

**QUESTIONS? Call 1-XXX-XXX-XXXX or visit**
www.USAABankclassaction.com
Case 5:21-cv-00488-BO Document 133-1 Filed 08/02/24 Page 62 of 65

Settlement Administrator. Your request must include the following information:

1. Your name, address, telephone number, and Class Member identification number;
2. A statement that you wish to be excluded from the Settlement, including the case name and number; and
3. Your signature.

You must mail your request, postmarked no later than_____, 2024, to _____ Administrator, P.O. ____,_____,____-____. You cannot request exclusion by phone or email.

## 17. If I do not request exclusion, can I sue USAA Bank for the same claims later?

No, you cannot. Unless you request exclusion from the Settlement, you give up the right to sue USAA Bank for the issues, claims, and allegations that this Settlement resolves. You must exclude yourself from the Class in order to maintain your own lawsuit.

## 18. If I exclude myself, can I still receive payment?

No, you will not receive a payment if you request exclusion from the Settlement.

# F.  The Lawyers Representing You

## 19. Do I have a lawyer in this case?

The Court has appointed the following law firms to represent you and all Class Members. Together the law firms are called "Class Counsel," and they are:

| SMITH & LOWNEY, PLLC 2317 E. John Street Seattle, Washington 98112 | HAGENS BERMAN SOBOL SHAPIRO LLP 1301 Second Avenue, Suite 2000 Seattle, Washington 98101 |
|---|---|

You will not be charged for contacting these lawyers. If you would prefer to be represented by your own lawyer, you may hire one at your own expense.

## 20. How will the lawyers receive payment for their services?

Class Counsel may submit an application or applications for distributions from the Settlement Amount for: (a) an award of attorneys' fees and reimbursement of expenses incurred in connection with prosecuting the Action (the "Fee and Expense Application") and (b) Service Awards to the Class Representatives. The amounts awarded as attorneys' fees, expenses, and Service Awards will be decided by the Court.

Class Counsel has agreed with USAA Bank that the Fee and Expense Application will not seek an amount in excess of twenty-seven and one-half percent (27.5%) of the Settlement Amount. When filed with the Court, the Fee and Expense Application will be posted to the case website at **www.USAABankclassaction.com.**

Class Counsel and Plaintiffs Philip Bulls, Dean Brink, Carmin Nowlin, Nicholas Padao, and Raphael Riley agree that they will apply to the Court for a Service Award of up to $20,000 each, for their participation in the Action and their service to the Class as Class Representatives. USAA Bank has agreed not to oppose such applications.

# G. Objecting To The Settlement

## 21. How do I inform the Court if I object to the Settlement?

If you are a Class Member, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and expenses, and/or the Service Awards to the Class Representatives. For an objection to be considered, the objection must set forth:

- The name of the Action (*Bulls v. USAA Federal Savings Bank*, Case No. 5:21-cv-00488-BO (E.D.N.C.));
- The objector's full name, address, and phone number;
- An explanation of the basis upon which the objector claims to be a Class Member;
- All grounds for the objection, accompanied by any legal support for the objection;
- The identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection;
- Whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing. Any counsel who will appear at the Final Approval Hearing must contemporaneously enter a written Notice of Appearance of Counsel with the Clerk of the Court;
- A list of all other class action settlements to which the objector or their counsel has filed an objection;
- A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and
- The objector's signature (an attorney's signature is not sufficient).

Class Members who wish to object to any aspect of the Settlement must file with the Court this written statement prior to the Exclusion/Objection Deadline and include all evidence and legal support for the objection. You must mail your objection to each of the following three addresses, and must be postmarked by_____, 2024:

| Clerk of the Court U.S. District Court for the Eastern District of North Carolina P.O. Box 25670 Raleigh, North Carolina 27611 | Knoll Lowney SMITH & LOWNEY, PLLC 2317 E. John Street Seattle, Washington 98112 Shayne Stevenson HAGENS BERMAN SOBOL SHAPIRO LLP 1301 Second Avenue, Suite 2000 Seattle, Washington | Daniel T. Plunkett Megan S. Ben'Ary Andrew M. Albritton 601 Poydras Street, Suite 1200 New Orleans, LA 70130 |

## 22. What is the difference between objecting to the Settlement and requesting exclusion?

Objecting is notifying the Court that you do not like something about the Settlement. You can only object to the Settlement if you are a Class Member. Requesting exclusion for the Settlement is notifying the Court that you do not want to remain a member of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

# H. The Final Approval Hearing

The Court will hold a hearing to make a decision about whether to grant final approval of the Settlement and any requests for attorneys' fees, expenses, and Service Awards related to the Settlement. You may attend and you may ask to speak, but it is not a requirement.

## 23. When and where will the Court decide whether to grant final approval of the Settlement?

The Court has scheduled a Final Approval Hearing before Judge Terrence W. Boyle on_____, 2024 at_:_ _.m. in Courtroom _of the Eastern District of North Carolina United States Courthouse located at 310 New Bern Avenue, Raleigh, North Carolina, 27601. The hearing date and time is subject to change. Updates to the date and time will be posted to the case website at **www.USAABankclassaction.com**.

At the hearing, the Court will consider granting final approval of the Settlement based on whether it is fair, reasonable, and adequate. The Court may also consider requests by Class Counsel for attorneys' fees and expenses related to the litigation and administration of the Settlement. If there are objections, the Court will consider them at the hearing as well.

After the hearing, a decision will be made whether to grant final approval of the Settlement, but it is not known at this time how long it will take for the Court to decide. Class Members should visit the case website at **www.USAABankclassaction.com** to stay updated about the current case status.

## 24. Do I have to attend the Hearing?

Attending the hearing is not required, but you are welcome to attend at your own expense.

If you filed an objection, you do not need to attend the hearing to discuss its validity. As long the objection was filed in accordance with the guidelines described within this notice and on the case website at **www.USAABankclassaction.com,** the Court will give it consideration.

You may also pay your own lawyer to attend the hearing, but it is not required.

## 25. May I ask to speak at the Hearing?

You have the option to request to speak at the Final Approval Hearing, but you must send a letter informing the Court of your intention to appear and speak. The letter for your Notice of Intention to Appear must include the following:

- Your name, address, and telephone number;
- A statement identifying the letter as your "Notice of Intention to Appear" at the Final Approval Hearing for *Bulls v. USAA Federal Savings Bank*, Case No. 5:21-cv-00488-BO (E.D.N.C.);
- The reasons you intend to appear along with any supporting documentation or evidence; and
- Your signature.

You must send copies of your Notice of Intention to Appear, postmarked no later than_____, 2024, to all three addresses listed in question 21 above. **Please note: you may not speak at the hearing if you file a valid request for exclusion from the Settlement.**

# I.   Getting More Information

## 26. How do I get more information?

This notice is a summary of the proposed Settlement. More detail regarding the terms of the Settlement can be found in the Settlement Agreement posted at the case website at **www.USAABankclassaction.com,** **You may also contact the Settlement Administrator with questions via toll-free number at 1-XXX-XXX-XXXX or by mail at**