# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### CASE NO. 5:21-cv-00488-BO

PHILIP BULLS, DEAN BRINK, CARMIN )
NOWLIN, NICHOLAS PADAO, and )
RAPHAEL RILEY, *on behalf of themselves* )
*and others similarly situated*, )
                      )
            Plaintiffs, )
                      )        **ORDER GRANTING FINAL**
       v.                  )     **APPROVAL OF CLASS ACTION**
                      )            **SETTLEMENT**
USAA FEDERAL SAVINGS BANK, and )
USAA SAVINGS BANK, )
                      )
            Defendants. )
                      )
                      )

Upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Settlement

("Motion") and after hearing from the Parties to this Settlement at a Final Approval Hearing on

_____1/14/2025_____, it is hereby ORDERED as follows:

    1.       The Motion is GRANTED.

    2.       This Order incorporates by reference the Settlement Agreement and Release (the

"Settlement Agreement" or "Agreement") between Defendants USAA Federal Savings Bank and

USAA Savings Bank (collectively "USAA Bank") and the certified Class as defined by the

Agreement and by the Order Preliminarily Approving Class Settlement and Approving Form and

Manner of Notice ("Preliminary Approval Order"). All terms used here shall have the same

meaning as set forth in the Settlement Agreement.

    3.       The Court has personal jurisdiction over the Plaintiffs, all Class Members, and

USAA Bank and subject matter jurisdiction to approve this Settlement Agreement.

    4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes

1

of this Settlement, the Court certifies the Class, finding that questions of law and fact common to all members of the Class predominate over questions affecting only individual members, and certification of the Class for purposes of settlement is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

5.     Class Notices have been given to the Class in the manner directed by the Preliminary Approval Order, an affidavit confirming that the Notice Program and CAFA Notice was completed in a timely manner was provided by the Administrator and filed with the Court, and full opportunity to be heard has been offered to all Parties, including all Class Members. The Court finds that form and manner of distributing the Class Notices (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Final Approval Hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complies in all respects with the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable law.

6.     Class Counsel and the named Plaintiffs adequately represented the Class Members for purposes of entering into and implementing this Agreement and Settlement, and, pursuant to Rule 23, the Court gives final appointment of counsel Smith & Lowney, PLLC and Hagens Berman Sobol Shapiro LLP as Class Counsel in this matter.

7.     The persons identified in Exhibit A, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement and are hereby excluded from the Settlement, are not bound by this Order, and may not make any claim against or receive any benefit from the Settlement, whether monetary or otherwise. Each Class Member

not appearing in Exhibit A is bound by this Order.

8.      The Court finds that the settlement set forth in the Settlement Agreement between Plaintiffs, as representatives of the Class, and USAA Bank, is fair, reasonable, and adequate and in the best interests of the Class, applying the four factor test enunciated in *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991), and it is hereby approved. The Court directs that the Settlement Agreement be consummated pursuant to its terms and conditions.

9.      This Action and all claims included therein, as well as all the Released Claims (as defined in the Agreement) are dismissed with prejudice as to all Class Members against all Released Parties.

10.     The Court approves the Distribution Plan agreed to by the Parties, whereby the Settlement Amount shall be distributed to Class Members. The Administrator is hereby authorized to complete the Distribution Plan. Escheatment required under the Distribution Plan shall occur upon the Final Void Date as defined in the Distribution Plan.

11.     Any order approving or modifying the Distribution Plan or the application for the Fee & Expense Award and Service Awards shall not affect the finality of this Final Approval Order. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement as shall be consistent in all material respects with the Final Approval Order and not limit the rights of the Parties or Class Members; and containing such other and further provisions consistent with the terms of this Agreement to which the Parties expressly consent in writing.

12.     The Court reserves exclusive and continuing jurisdiction over the Action for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Agreement and the Distribution Plan; (b) hearing and determining any application by Class

3

Counsel for the Fee & Expense Award and Service Awards, if such determination is not made at

the Final Approval Hearing; and (c) supervising the distribution of the Net Settlement Amount.

Date: _14 Jan, 2025_      _Terence Boyle_
                              TERRENCE W. BOYLE
                              UNITED STATES DISTRICT JUDGE

# EXHIBIT A



**Exclusion Report**
*Bulls v USAA*

| Number | First Name | Middle Name | Last Name |
|---|---|---|---|
| 1 | Elio | T | Giannetti |
| 2 | Estate of Alfred S. Gima | | |
| 3 | Estate of Paul A. Beams | | |