UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO. 5:21-CV-488-BO

PHILIP BULLS, DEAN BRINK, CARMIN )
NOWLIN, NICHOLAS PADAO, and )
RAPHAEL RILEY, *on behalf of themselves* )
*and others similarly situated,* )
)
                Plaintiffs, )
)
v. )
)
USAA FEDERAL SAVINGS BANK, and )
USAA SAVINGS BANK, )
)
                Defendants. )

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES & COSTS, AND PAYMENT OF CLASS REPRESENTATIVES AWARDS

Before the Court is Plaintiffs' Motion for Attorneys' Fees & Costs Award and Payment of Class Representatives Awards. The Court has considered the Parties' papers, relevant legal authority, and the record in this case, and the Court hereby GRANTS the Motion for the following reasons:

The Notice Program[1] has been completed, the Notice Deadline has passed, and no Class Member has objected to the Settlement Agreement and Release, the Fee & Expense Award, or the Service Awards.

Many courts in the Fourth Circuit have held that attorneys' fee awards in the amount of one-third of the settlement fund are reasonable. *See, e.g., Chrismon v. Meadow Greens Pizza, LLC*, No. 5:19-cv-155-BO, 2020 U.S. Dist. LEXIS 119873, *12 (E.D.N.C. July 7, 2020) (collecting cases); *Kelly v. Johns Hopkins Univ.*, No. 1:16-cv-2835-GLR, 2020 U.S. Dist. LEXIS

---

[1] The capitalized terms in this Order have the same meaning as in the Settlement Agreement and Release. DE 133-1

- 1 -

14772 at *8 (D. Md. Jan. 28, 2020) ("Contingent fees of up to one-third are common in this circuit.") (collecting cases); *Thomas v. FTS USA, LLC*, No. 3:13cv825 (REP), 2017 U.S. Dist. LEXIS 45217, at *14 (E.D. Va. Jan. 9, 2017) (citing *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (reviewing 289 class action settlements and finding an "average attorney's fees percentage [of] 31.31%" and a median of roughly one-third of the common fund)). Here, the 27.5% attorneys' fees requested is significantly less than the one-third amount which has been consistently awarded by other courts in this Circuit.

Class Counsel achieved extraordinary results for the class of over 200,000 military servicemembers, obtaining a gross Settlement Amount of over $64 million.

The Class is represented by nationally recognized and highly experienced Class Counsel who resolved this matter with skill and persistence. For example, Class Counsel prepared to defend three dispositive motions from USAA Bank, engaged in discovery disputes, and successfully moved to compel discovery. After fully briefing Plaintiffs' motion for class certification, the Parties held a mediation session in San Francisco with retired United States Magistrate Judge Elizabeth Laporte, which ended at an impasse. The Parties agreed to attempt mediation again with a different mediator, retired United Stated District Court Judge Layn Phillips, which ultimately led to a mediated settlement over the course of three mediation sessions. All of these efforts have been to the benefit of the servicemembers and veterans who make up the Class.

Class Counsel faced a genuine risk of non-recovery in this action. Throughout the course of the litigation, USAA Bank questioned the existence and extent of Plaintiffs' damages.

Were this Court or a jury to find that Plaintiffs and other servicemembers were not entitled to damages or were only entitled to minimal damages, there would have been little to no recovery in this case.

Public policy considerations weigh strongly in favor of the award requested here. Plaintiffs in this matter exemplified the role of the private attorney general, vindicating the rights of over 200,000 military servicemembers and veterans regarding one of the nation's largest banks' alleged failure to provide federally required benefits to the accounts held by these servicemembers. This Action benefitted not just the over 200,000 Class Members with loans or credit card accounts with USAA Bank, but other and future military personnel who will open or maintain accounts with USAA and other banks subject to the Servicemembers' Civil Relief Act and Military Lending Act and their own proprietary military benefit programs.

The Court finds the request for attorneys' fees to be fair, adequate, and reasonable.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Attorneys' fees amounting to twenty-seven and one-half percent (27.5%) of the $64,202,833.59 gross settlement amount shall be awarded to Class Counsel; and

2. Awards to the Class Representatives shall be awarded in the amounts requested by Plaintiffs, that is, awards of $20,000 each to each class representative: Philip Bulls, Dean Brink, Carmin Nowlin, Nicholas Padao, and Raphael Riley.

This 14 day of Jan., 2025.

_____
HON. TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE